### GEORGE A. BIGELOW vs. SAMUEL H. CAPEN.

Worcester.   Oct. 4. — Nov. 23, 1887.   C. ALLEN & KNOWLTON, JJ.,
absent.

In an action of tort by a mortgagee of personal property, against an officer who
had attached the goods as the property of the mortgagor, it appeared that the
mortgage was conditioned to pay the sum of $1000 in one year, "as stated in
my notes dated" a certain day; and that the demand, made in pursuance of the
Pub. Sts. c. 161, § 75, on the defendant, was to pay the sum of $1000, "being the
amount of two notes of $500 each, indorsed by me for the accommodation of"
the mortgagor.   Held, that oral evidence was admissible to show that the mort-
gage was intended to indemnify the plaintiff against liability as indorser of two
notes of $500 each, signed by the mortgagor; and that the action could be main-
tained although the notes originally given had been renewed by other notes, also
signed by the mortgagor and indorsed by the plaintiff, on delivery of which to
the bank discounting the original notes the latter had been delivered to the
mortgagor.

A demand in writing, made, under the Pub. Sts. c. 161, § 75, by a mortgagee of
personal property upon an attaching officer, is not invalidated by including in
the sum demanded the amount paid by the mortgagee for costs of protest of the
promissory note secured by the mortgage, if the property attached is insufficient
to pay more than the note alone.

TORT, against a deputy of the sheriff of Norfolk, for the
conversion of certain personal property.   The answer contained
a general denial, and alleged that the defendant attached the
property by virtue of a writ in favor of R. F. M. Atwood against
William Burleigh, returnable to the Superior Court, which ac-
tion was duly entered and is now pending.

Trial in the Superior Court, before *Staples*, J., who allowed a
bill of exceptions, in substance as follows :

On October 1, 1885, William Burleigh executed to the plain-
tiff a mortgage of the property in question, which was duly re-
corded on October 3, 1885, and which contained this condition :
" Provided nevertheless that if I, or my executors, administra-
tors, or assigns, shall pay unto the grantee, or his executors,
administrators, or assigns, the sum of one thousand dollars in
one year from this date, with interest, as stated in my notes
dated Oct. 27th, 1884, signed by me, then this deed, as also the
aforesaid note, shall be void."

The defendant attached the property in question on October
12, 1885, as the property of said Burleigh.

On November 17, 1885, the plaintiff made a demand in writing on the officer in respect to the attached property, containing the following: " I hereby demand of you the sum of one thousand dollars, being the amount of two notes of five hundred dollars each, indorsed by me for the accommodation of William Burleigh and protested for non-payment, and paid by me, with interest thereon from November 17, 1885, together with four $\frac{4}{100}$ dollars, costs of protest, which is the amount now due me, on a mortgage given to me by said William Burleigh dated October 1st, 1885, and recorded with the mortgages of personal property for the town of Needham, book 10, page 4, the said mortgage covering all the live stock, tools, farming implements, and dairy utensils and other property described in said mortgage, now held by you on attachment as the property of said William Burleigh, or which has been sold by you on said attachment." The defendant did not comply with the demand.

The plaintiff testified as follows: " I indorsed two notes for William Burleigh, each in October, 1884, one of which was discounted at the Mechanics' National Bank and one at the Worcester National Bank. I renewed the indorsements when the notes became due, the one at the Mechanics' Bank twice, the other once. I think the old notes were destroyed."

The notes last given in renewal were dated May 1, 1885, and July 6, 1885. Both of these notes were payable to the order of the plaintiff, and were indorsed by him. They went to protest at their maturity for non-payment, and the plaintiff paid one on November 10, 1885, with the fees of protest, amounting to $2.02; and the other on November 6, 1885, with the fees of protest, amounting to $2.02.

The plaintiff further testified as follows: " I received no interest or consideration for indorsing these notes. I did it to help Burleigh. The notes were delivered up to me on payment by me as aforesaid. At the time of the first indorsement, I received no security from Burleigh. In 1885, I visited Burleigh at his farm, and there spoke to him in reference to security. He gave me as security the personal property mortgage in question. The consideration of the mortgage was the indorsing of the two notes, $500 each. No note was given with the mortgage."

On cross-examination, the plaintiff testified as follows: "I had a talk with Burleigh when the first note had become due; he told me he could not pay it, and it must be extended. I indorsed another to take up that first four months' note. I signed five different notes, three renewals and two original notes. I never asked him to deliver or return to me those old notes. I left the notes in his hands to take up the old notes, and these were never returned to me. Burleigh never paid me anything in respect to these transactions. When I first intimated to him that I wanted security, in the summer of 1885, I had renewed one note twice. At the renewal of the last four months'. one, I had spoken to him about security."

Burleigh testified for the plaintiff, against the objection of the defendant, as follows: "The liability understood and intended to be secured by the mortgage was that· on the outstanding indorsed notes, and there was no other liability. The one thousand dollars mentioned in the condition was intended to be the amount of the two $500 indorsed notes. The consideration of the mortgage was that of one thousand dollars for his indorsement. The plaintiff indorsed the first notes for me, I think, in October, 1884. I cannot fix the date, I think the first part of the month. These two notes were indorsed at the same time, in the afternoon. I had then arranged for the discount of them. I received the proceeds of the notes. I put the notes into the banks shortly after the indorsements. I think the indorsements were in the early part of October."

On re-direct examination, the witness, under the objection of the defendant, was allowed to testify as follows: "I intended to secure the plaintiff for indorsing those two notes by this mortgage, and there was no other liability between us."

The defendant asked the judge to rule that the demand on the officer of November 16, 1885, was insufficient in law; and that, on the facts and evidence, the action could not be maintained. The judge refused so to rule, and submitted the case to the jury under appropriate instructions.

The jury returned a verdict for the plaintiff, in the sum of $823.80; and the defendant alleged exceptions.

*H. E. Fales*, for the defendant.

*D. Manning, Jr.*, for the plaintiff.

DEVENS, J. Parol proof of extrinsic circumstances may be admitted to apply a description to the subject matter of a contract. If it appears that the description is not in all respects accurate, it may to a certain extent be rejected, and what remains alone regarded, if that be sufficient to identify it. *Pierce* v. *Parker*, 4 Met. 80. *Hall* v. *Tufts*, 18 Pick. 455. *Baxter* v. *McIntire*, 13 Gray, 168.

Where a note described in a mortgage of personal property has been renewed, this fact may be shown, and the security applied to the note as thus renewed. *Barrows* v. *Turner*, 50 Maine, 127. Conversely, where there has been a substitution for the original note which was the foundation of the liability of the mortgagor, and the parties to the mortgage describe the original note, either by accident or by mistake as to the liability, this error may be shown, and the security applied to the existing liability. In the case at bar, the original notes indorsed by the plaintiff were dated the latter part of October, 1884. These notes had been renewed once or twice, the plaintiff indorsing the renewals. It was competent for the plaintiff to show, as he did, by evidence, that, at the date of the execution of the mortgage, on October 1, 1885, the liability intended and understood to be secured by the mortgage was that on the then outstanding indorsed notes; and that there was no other liability to the plaintiff, the one thousand dollars mentioned in the condition being the amount of the two $500 indorsed notes. It was therefore a mistake, and an erroneous description of the notes intended to be secured, to state them as of the date of October 27, 1884, arising probably from the fact that the transactions between the plaintiff and Burleigh, the mortgagor, then commenced; but this would not invalidate the security, when it was shown that the liability of the plaintiff originated with them, and that the later notes were merely a substitution. Nor would it invalidate the plaintiff's security that the obligation of Burleigh was one to indemnify him for indorsing, rather than one to pay him the notes then outstanding. The plaintiff would, it is true, have no demand against Burleigh except after payment of them by himself. The plaintiff was the promisee of the notes, and it was the duty of Burleigh to pay them. If in form it is stated in the mortgage that Burleigh agrees to pay the

plaintiff the notes, rather than to indemnify him against being compelled to pay them, the real character of the transaction will, as between the parties, be regarded. Nor is any injury done to third persons. They are informed of the exact amount of the claim of the plaintiff upon the property of his and their debtor, even if such claim is not described with entire accuracy. There is no evidence that, by this, any person has been misled; and we have no occasion to consider whether there may not be cases where, if one were misled by the carelessness or inaccuracy of another, the person so misleading might not be estopped thereby from proving the exact character of his transaction with the mortgagor.

As the mortgagor was bound to indemnify the plaintiff for signing these notes, it may well be contended that he properly included the fees for protest of the notes in his demand upon the defendant, and in stating the amount due to him, as he was compelled to do, under the Pub. Sts. c. 161, §§ 74, 75. This demand was substantially correct, and it is not vitiated by a slight mistake, even if such was made. *Harding* v. *Coburn*, 12 Met. 333. A demand is also good, though made for an amount larger than is due, if the amount due exceeds the value of the property. *Clark* v. *Dearborn*, 103 Mass. 335. An examination of the verdict shows such to have been the fact in the case at bar.                                   *Exceptions overruled.*