LITTLE ROCK COOPERAGE COMPANY *v.* GUNNELS.

Opinion delivered April 8, 1907.

1. SALE OF CHATTEL—DESCRIPTION—"MORE OR LESS."—A written contract for the sale of a designated number of staves, "more or less," all of which are branded in a manner described, "being all of the staves contracted for by" appellee with appellant, will not be held to convey staves not branded in the manner described, the words "more or less" being held to be precautionary, and not to enlarge the descriptive words or quantity. (Page 288.)

2. EVIDENCE—IDENTIFICATION OF SUBJECT-MATTER BY PAROL.—Parol evidence is admissible to identify the subject-matter of a contract where it does not contradict the terms of the writing. (Page 289.)

Appeal from Union Circuit Court; *Charles W. Smith,* Judge; affirmed.

Replevin by W. D. Gunnels, plaintiff, against Little Rock Cooperage Company, defendant, for possession of a lot of staves. The plaintiff recovered judgment, and the defendant appealed.

*Gaughan & Sifford,* for appellant.

1. The construction of the contract is for the court, and it should have told the jury that the contract of sale conveyed all the staves in Union and Columbia counties. Oral evidence should have been admitted on this question, and if the testimony showed that Gunnels acquired the staves under his contract with the company the court should have declared as matter of law that they were conveyed in the bill of sale.

2. Improper testimony was admitted, and is not rendered harmless by contradiction.

3. The first instruction is as an abstract proposition of law correct, but as applied to the facts is misleading. It makes the jury the judge of what evidence should be considered, and it is elementary that such is not the province of the jury.

4. The second instruction is erroneous because the evidence on which it is based was not admissible.

*Smead & Powell* and *Marsh & Flenniken.*

1. If there was any error in admitting improper evidence, it was "invited error," as plaintiff started it, and this court will not reverse on that account. 77 Ark. 464.

2. For the purpose of ascertaining the true meaning or intention of the parties, the courts are not limited to the terms of the written contract, but will consider all the circumstances surrounding and connected with it.   13 Ark. 112; 15 *id.* 543; 23 *id.* 9; 46 *id.* 122.

3. The second instruction was responsive to the evidence, and covered the principal issue in the case.

4. Even if there was improper evidence admitted, this court will not reverse on account thereof, nor for erroneous instructions, nor incompetent evidence, if on the whole case justice was done.   37 Ark. 238; 59 *id.* 439; 45 *id.* 542; 22 *id.* 396; 46 *id.* 485.

McCULLOCH, J.   This is an appeal from a judgment in replevin for the recovery, of 31,900 staves of the value of four hundred and thirty-one and 60-100 dollars.

Appellee, Gunnels, entered into a written contract with appellant, Little Rock Cooperage Company, whereby he agreed to make and deliver to appellant, within a period of time named in the contract, a certain lot of staves and stave bolts at an agreed price; and appellant agreed to advance money to aid him in purchasing timber and in making and handling the staves, the title to the timber purchased and the staves made to be in appellant until all staves were shipped and the account balanced. The contract further provided that during the period named appellee should not enter into contract with any other person for the making or sale of staves without the permission of appellant. Pursuant to said contract appellee purchased and caused to be made a large lot of staves and bolts, and appellant furnished to him sums of money to pay therefor.

Before the contract expired a controversy arose between the parties, and appellee refused to buck the staves. A settlement was made between them which was reduced to writing as follows:

THIS AGREEMENT AND CONTRACT OF SALE, made and executed this 21st day of March, 1904, by and between W. D. Gunnels, party of the first part, and the Little Rock Cooperage Company, of the second part.

"WITNESSETH: In consideration of the delivery by said Cooperage Company to the said Gunnels of all notes now held by the said company against the said Gunnels, and the satisfaction

upon the records of Union County of two mortgages now held by said company, executed by the said Gunnels, upon one pair of mules and one pair of horses; and the further satisfaction of all book accounts the said Cooperage Company now holds against the said Gunnels, and the further consideration of one thousand ($1,000.00) dollars cash, to be paid by the said Little Rock Cooperage Company to the said Gunnels.

"The said Gunnels hereby bargains, sells and delivers to the said Cooperage Company 100,920 oil barrel staves, more or less, all now branded either "T," "L. R." or "L. C.," being all the staves made or contracted for by said Gunnels under contract with the said Cooperage Company, of date September 26, 1902, and thereafter extended by supplemental contract of the 7th day of November, 1903."

The staves in controversy, as well as all others made by appellee pursuant to the contract, were branded by him with the figure 7, which was his individual brand, and as the company (appellant) inspected them its agent placed upon the staves inspected and accepted the brands "T," "L. R.," or "L. C." which were the brands of the company. When the above-named settlement was entered into on March 21, 1903, there were on hand 100,920 staves branded in said mark of the company, and the number was ascertained from the company's book. The staves in controversy were not branded with the mark of the company, and were in separate piles.

Appellee was permitted to testify, over appellant's objection, that when the settlement was entered into the staves in controversy were not included in the sale, and that he mentioned that fact to appellant's agent who negotiated and consummated the settlement. He produced a letter subsequently addressed to him by said agent which tended to corroborate his testimony in that respect.

Error of the court is assigned in permitting appellee to testify that the staves in controversy were not included in the sale.

It will be observed that the staves in controversy did not answer the description used in the contract of sale. The contract called for 100,920 staves, more or less, "all being now branded 'T,' 'L. R.,' or 'L. C.,' " and the staves in controversy were not

so branded. They had only the figure "7" branded thereon. The use of the words "more or less" was merely precautionary, so as to cover slight and unimportant inaccuracies, and did not enlarge the descriptive words or quantity. *Walker* v. *David,* 68 Ark. 544; 20 Am. & Eng. Enc. Law, p. 879; *Brawley* v. *U. S.,* 96 U. S. 168. Nor did the use of the further words "being all the staves made or contracted for by said Gunnels under contract with the said Cooperage Company," etc., enlarge the description so as to embrace other staves not answering to the description already set forth. Those were merely super-added words of identification.

Parol evidence is admissible to identify the subject-matter of a contract where it does not contradict the terms of the writing. 17 Cyc. pp. 724-728; 2 Parsons on Contracts, p. 549; *Bigelow* v. *Caper,* 145 Mass. 270.

There was no error committed, and the judgment is correct upon the evidence.

Affirmed.