## Mays *v.* Blair.

Opinion delivered January 1, 1917.

CONTRACTS—PURCHASE OF LAND—DEFECTS IN SELLER'S TITLE—GOOD
　　FAITH OF BUYER.—Appellant agreed to purchase certain land from
　　appellee; there were certain defects in appellee's title to a small
　　portion of the land which appellee was endeavoring to correct. *Held,*
　　where appellant, not acting in good faith, tendered the amount of the
　　purchase price then due, and brought an action to recover the amount
　　paid, shortly thereafter, without permitting appellee a reasonable
　　time in which to perfect his title, that the chancellor properly dis-
　　missed appellant's suit for want of equity.

Appeal from Searcy Chancery Court; *T. H. Hum-
phreys*, Chancellor; affirmed.

*Bratton & Bratton*, for appellant.

1. Appellant was not compelled to wait until
court to make tender under the decision of this court
in 120 Ark. 69. 3 Cyc. 491.

2. Appellant had the right to act upon the
opinion at once and made a legal tender and was
entitled to a judgment for the return of his money.
Mays attempted to comply with the orders of court
and actually tendered the balance due. The decree
should be reversed. 51 Iowa, 537; 125 Ind. 106; 85
Ark. 30.

*S. W. Woods* and *A. Y. Barr*, for appellees.

1. No tender was ever made in good faith. 65
Ark. 392; 67 *Id.* 340; 34 *Id.* 582. The tender was not
of the full amount due. 4 Ark. 251; 21 *Id.* 559.

2. But if a valid tender had been made, Mays
failed to keep it up. 85 Ark. 30; 30 *Id.* 505; 38 *Id.*
329; 90 *Id.* 206.

3. The time fixed was reasonable, and the findings
of the chancellor are not clearly against the weight of
the evidence. 71 Ark. 605; 68 *Id.* 314; 68 *Id.* 134;
73 *Id.* 489.

McCulloch, C. J. Appellant and appellee entered
into a written contract for the sale and conveyance by
the latter to the former of 125 lots in the town of Leslie,

Arkansas, for the agreed purchase price of $10,000 of which $2,000 was paid at the time of the execution of the contract and $1,000 was paid later. Defects appeared in the title which had to be perfected, and negotiations were finally broken off and appellant instituted an action in the chancery court against appellee to recover the sum paid under the contract, and alleged that appellee had failed to furnish a marketable title. The chancery court decreed in appellant's favor for the recovery of the sum of $1,000 paid as aforesaid, but refused to decree a recovery of the sum of $2,000 paid at the time of the execution of the contract. Both parties appealed to this court.

We found, in considering the case, that the title of appellee was imperfect only as to a small interest in some of the lots, and that appellant had wrongfully broken off negotiations without giving appellee reasonable time within which to perfect the title, and we reversed the decree on the cross-appeal of appellee, Blair, with directions to dismiss the appellant's complaint for want of equity unless he elected to complete the contract "by tendering the purchase price, in which event appellee should be given a reasonable opportunity to perfect the title so as to make it marketable." *Mays* v. *Blair*, 120 Ark. 69.

The case was decided by this court on July 12, 1915, and a petition for rehearing was overruled on September 25, 1915, when the judgment of this court became final, and the mandate was sent down to the lower court. Nothing further appears to have occurred between the parties until February 15, 1916, when appellant called appellee into a banking room in the town of Leslie and in the presence of witnesses made what he claims to have been a legal tender of the balance of purchase price of the land and demanded a conveyance with an abstract showing a marketable title to the land. The conversation between the parties was taken down by a stenographer, with whom arrangements had been previously made by appellant, and it appears in full in the record in this case. It is

evident that appellant was acting under the advice
of his counsel and was preparing himself for a further
controversy with appellee. He read to appellee a
prepared written statement in which he recited the
litigation between the parties, and the effect of the
decision of this court, and containing the announce-
ment that he was ready to comply with the contract
by paying the balance of the purchase price when a
marketable title, as defined by the Supreme Court,
was duly tendered, and he offered to allow appellee
thirty days within which to perfect the title. Appellee
informed appellant in this conversation that he had
been making efforts to secure quitclaim deeds from
certain parties which would cure the defect in the
title, and that he would, within a reasonable time,
secure these deeds, and proposed to do so by the time
that the chancery court convened at the next term.
The question arose between the parties as to payment
of interest, and appellant said that he would pay interest
if the court decided that he was legally liable for the
same.

At the next term of court the cause was heard
upon oral testimony, and the court found that appel-
lant had not made a proper tender to appellee of the
balance of the purchase price, and also held that the
time specified by the appellant for the completion of
the title was unreasonable, but the court offered to
fix sixty days as a reasonable time within which
appellee should perfect the title, which offer appellant
refused, and the court dismissed the complaint for
want of equity.

We are of the opinion that the court was justified
in finding from the evidence that the alleged tender
was not made in good faith, but that appellant was
merely seeking an advantageous position to further
pursue the controversy without attempting to carry
out his contract. In fact, appellant was asked while
on the witness stand if he really wanted the land, and
he replied that he wanted to comply with his contract,
which may be fairly interpreted to mean that he

wanted to stay within the letter of his contract but was unwilling to say that he wanted to buy the land. The court was therefore justified in finding that not only there was a failure to make a legal tender of the money, technically speaking, and also that the proposal of appellant was not made in good faith, but merely for the purpose of placing himself in a position to pursue the controversy further, without being compelled to comply with his contract. The court offered to require the appellee to remedy the defects in the proportionately small interests in the title within sixty days, which was a reasonable time, and when appellant again broke off the negotiations by his refusal to accept those terms, the court properly dismissed his complaint for want of equity.

The decree is therefore affirmed.

SMITH, J., dissents.

HUMPHREYS, J., not participating.