DOLLAR v. KNIGHT.

Opinion delivered October 25, 1920.

1. FRAUDS, STATUTE OF—DESCRIPTION OF LANDS.—A contract by a person for the sale of "his land lying on the public road adjoining the town of Arkansas City, composed of 400 acres," sufficiently identified the land intended to be sold.

2. SPECIFIC PERFORMANCE—CONDITIONS PRECEDENT.—In a suit by a vendor for specific performance of a contract to purchase land, the stipulations in the contract that all negroes' accounts were to be transferred to the purchaser and that a certain amount of land must be under plow were not conditions precedent, and performance of them need not be alleged by the plaintiff.

3. VENDOR AND PURCHASER—TIME TO PERFECT TITLE.—Where no time limit is fixed in a contract for the sale of land for perfecting the title, the seller has a reasonable time to perfect it.

4. SPECIFIC PERFORMANCE—ADEQUACY OF REMEDY AT LAW.—Where land or any estate or interest in land is the subject-matter of an agreement, the jurisdiction of equity to enforce specific performance is undisputed and does not depend upon the inadequacy of the legal remedy in the particular case.

5. SPECIFIC PERFORMANCE—DISCRETION OF COURT.—While it is within the court's discretion to deny specific performance where the case is not clear, or where the complainant is in the wrong, or there are considerable countervailing equities, it is an abuse of discretion to refuse to decree specific performance at the instance of a vendor where the land and personal property were sold for a specified price and the purchaser took immediate possession and is refusing without excuse to pay the price agreed upon.

6. SPECIFIC PERFORMANCE—FAILURE TO AFFIX STAMPS.—Failure to affix stamps to a deed and to cancel them does not annul the deed, and specific performance of a contract to purchase land should not be refused merely because a deed tendered did not have the proper amount of stamps affixed and canceled.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*H. H. Hays* and *Coleman, Robinson & House,* for appellant.

1. It is true the contract does not describe the land in the terminology of the government survey, but it otherwise identifies it by description of ownership, location and acreage. Parol evidence is admissible to show the

application of a description which itself furnishes a means of identification. 85 Ark. 1. The maxim, *"Id certum est quod certum reddi potest,"* applies. 28 Ark. 78. The description was sufficient so that by evidence *aliunde* the law could be made certain. 30 Ark. 513; 25 R. C. L. 651; 79 Ark. 442; 110 *Id.* 571. The description is sufficient if it enables a person of ordinary intelligence to identify it with reasonable certainty. 85 Minn. 518; 99 U. S. 441; 64 Ark. 580; 66 *Id.* 422; 53 *Id.* 114. See, also, 59 *Id.* 22; 40 *Id.* 237; 65 *Id.* 544; 73 *Id.* 221, etc.

2. The letter of Knight to Dollar satisfies the statute of frauds. 79 Ark. 359; 83 *Id.* 149; 101 *Id.* 68; Wood on Stat. Frauds, § 345; 209 Fed. 296. The cases relied on before the chancellor do not sustain appellee's contentions. The complaint states a good cause of action, and it was error to sustain the demurrer.

*Rogers & Poe,* for appellee.

1. Specific performance is within the sound discretion of the chanecry court, and that discretion is not exercised in behalf of a plaintiff who seeks an unconscionable advantage, and the rules governing the exercise of that discretion are well settled; there must be a valuable consideration; the contract must be one which can be fulfilled by both parties and which can be judicially enforced mutually, and the enforcement of the contract in *specie* must be important to plaintiff and not oppressive to defendant. Adams, Equity, p. 183, note 1; 30 Ark. 547; 127 *Id.* 589. There is no allegation of a lien nor assertion of insolvency of appellee and the remedy at law was adequate. 95 Ark. 569. Furthermore, the demurrer is well taken, because it was not alleged that the property was taken pursuant to the contract. 44 Ark. 334; 79 *Id.* 100-102.

2. One who seeks the benefit of a contract must allege compliance on his part with all its terms and conditions. Kirby's Dig., § 6133; 92 Ark. 111-118. The complaint must allege that possession was delivered and

accepted under the terms of the contract. 44 Ark. 334; 79 *Id.* 102.

3. Exhibits to the complaint may be considered on demurrer thereto. Kirby's Dig., § 6128; 38 Ark. 127; 85 *Id.* 223; 120 *Id.* 472-6. To enforce a contract for sale of land the contract must so describe it that the land can be found. 21 Ark. 533; 85 *Id.* 1. The property must be definitely described in actions for specific performance. 136 Ark. 447; 114 *Id.* 436; 2 *Id.* 34. The description of the land is too uncertain and indefinite. 136 Ark. 448 and cases *supra.*

The demurrer only admits the truth of an allegation well pleaded. 215 Ark. 255; 127 *Id.* 318. To constitute ground for specific performance possession must have been taken under the contract. 44 Ark. 334; 63 *Id.* 100.

The law implies a deed in fee simple with general warranty. 33 Ark. 255; 13 *Id.* 122.

Such a conveyance was never tendered to appellee. There were liens existing upon the lands, drainage district taxes or assessments. 65 Ark. 498. The deed tendered was not in accordance with the contract. 124 Ark. 208-12. The deed was void, as the revenue stamps required by law were not affixed and canceled.

HUMPHREYS, J. Appellant filed suit against appellee in the Desha Chancery Court to enforce the specific performance of a written contract for the sale and purchase of a 400-acre tract of land belonging to appellant and lying on the public road, adjoining the town of Arkansas City, Arkansas, together with live stock and other personal property. The contract was made a part of the complaint and is as follows:

"EXHIBIT 'A.' "

"Arkansas City, Ark., Jan. 22, 1920.

"AGREEMENT

"This agreement entered into by and between N. Dollar and W. T. Knight, both of Arkansas City, Ark.

"Be it understood that I, N. Dollar, agree to sell to W. T. Knight his land lying on the public road adjoin-

ing the town of Arkansas City, Arkansas, composed of 400 acres and all farm tools, 7 (seven) head of mules, 2 (two) head of cows, and one yearling and all harness, all negroes' accounts to be transferred to W. T. Knight, also two wagons.

"I, W. T. Knight, agree to pay to N. Dollar on or before the first day of February, 1920, the sum of $10,000 cash and $10,000 a year for five years at six per cent. interest, per annum, said N. Dollar to deliver all deeds and abstracts on above lands on cash payment of $10,000 to W. T. Knight. There must be 240 acres under plow this year.

"(Signed)   N. Dollar.
"(Signed)   W. T. Knight.
"Witness:   A. L. Sparks."

It was alleged in the bill that the land referred to in the contract was the "southeast quarter of section 31; southwest quarter of section 32; all that part of the east half of northwest quarter of section 32, lying south of Tripps public road; all that part of the west half of northeast quarter of section 32, lying south of Tripps public road and west of John's Bayou; all in township 12 south, range 1 west, in Desha County, Arkansas;" that appellant put appellee in immediate possession of said land and furnished him an abstract of title; that soon thereafter he tendered appellee a deed for all the land, which was refused because the abstract of title showed that the Desha Land & Timber Company, in conveying the said southeast quarter of section 31 to appellant, reserved oil and mineral rights therein; that, on February 3, 1920, appellee wrote appellant the following letter:

"Arkansas City, Ark., Feb. 3, 1920.
"Mr. N. Dollar,
"Arkansas City, Ark.

"Dear Sir: If you can get the Desha Land & Timber Company to release the southeast quarter of section 31, township 12 south, range 1 west, in Desha County, Arkansas, from the restrictions in the deed from that

company to Frank D. Jackson, which is of record in Desha County, I will purchase that and the land which you own in section 32-12-1, paying you therefor $150 an acre, upon the terms expressed in our agreement of January 22, 1920.

"Yours truly,

"W. T. Knight;"

that thereupon appellant procured a release of the restrictions contained in the deed from the Desha Land & Timber Company to appellant and offered to convey the absolute fee simple title to said land and personal property to appellee, with the demand that appellee carry out the terms of the contract of date January 22, 1920, but that appellee wholly failed and refused to do so.

The sufficiency of the complaint was challenged on the ground that the contract constituting the basis of the alleged action was within the statute of frauds, and that the complaint did not state sufficient facts to constitute a cause of action.

The demurrer was sustained, and, upon appellant's refusal to plead further, the bill was dismissed. From the judgment of dismissal an appeal has been duly prosecuted to this court.

The main question presented for determination on this appeal is whether the description of the land contained in the contract is sufficient to identify the land. This court ruled in the case of *Fordyce Lumber Co.* v. *Wallace,* 85 Ark. 1, that "the contract must disclose a description which is in itself definite and certain, or one which is capable of being made certain by other proof, the contract itself furnishing the key by which the property may be identified." In making application of this rule in the case of *Kirby* v. *Malone, Post* p. 608, this court ruled (quoting syllabus 2) that "it is enough for specific performance that the contract describes the farms sold by names, this being capable of being made definite by extrinsic evidence." In that case, the lands contained in the contract were described as the " 'Joe Lusk farm' and the 'Dave Kirby farm,' contain-

ing 106 acres in Monroe County and 160 acres, more or less, in Lee County.'' The contract in the instant case identified the owner, the acreage and the location. It disclosed that appellant was the owner; that the tract contained 400 acres and was lying on the public road, adjoining the town of Arkansas City, Arkansas. The means of identification specified in the contract furnishes the key from which the exact location of the land may be ascertained by extrinsic evidence.

Appellee contends for an affirmance of the judgment because appellant did not allege an assignment of the negroes' accounts and the fulfillment of the agreement to fill all tenant houses and put 240 acres under plow. These were requirements in the contract and matters to be pleaded in defense if not complied with. They were not necessarily conditions precedent, and therefore it was not necessary for appellant to allege a performance of them as a prerequisite to instituting a suit for specific performance.

Again, appellee contends for an affirmance of the judgment because the deed tendered did not convey a title free from encumbrances, but, on the contrary, conveyed a title subject to the reservations in favor of the Desha Land & Timber Company of oil, coal and other rights, in a part of the land. Before the demurrer to the bill was filed and presented, this reservation had been released by quitclaim deed from the Desha Land & Timber Company. No time limit was fixed in the contract for perfecting the title, and, under the rule announced in the case of Mays v. Blair, 126 Ark. 498, appellant had a reasonable time to perfect it. The pleadings show that he procured the release within a reasonable time.

Again, appellee contends for an affirmance of the judgment because appellant had an adequate remedy at law. The general rule, supported by the great weight of authority, is against appellee's contention. The rule is well stated in 36 Cyc., p. 552, which, in part, is as follows: ''Where land or any estate or interest in land is the subject-matter of the agreement, the jurisdiction to

enforce specific performance is undisputed, and does not depend upon the inadequacy of the legal remedy in the particular case. It is as much a matter of course for courts of equity to decree a specific performance of a contract for the conveyance of real estate, which is in its nature unobjectionable, as it is for courts of law to give damages for its breach.'' This jurisdiction may be exercised by the chancery court in behalf of a vendor as well as a vendee. *Wilkins* v. *Eanes,* 126 Ark. 339. Bearing upon this particular point, Mr. Pomeroy said: ''It is well settled, with scarcely any dissent, that specific performance is granted in favor of a vendor of land as freely as in favor of a vendee, though the relief actually obtained by him is usually only a recovery of money— the purchase price.   *   *   *   The rule is more satisfactorily accounted for by reference to the doctrine of mutuality, viz., that where an equitable remedial right in the vendee is recognized, a corresponding remedial right should be admitted in favor of the vendor. This is the usual explanation of the rule, and appears to reconcile most, if not all, of the cases.'' Pomeroy's Equity Jurisprudence (4 ed.), part of section 2169.

The contention is made by appellee that the right to specific performance is within the discretion of the chancery court, and, having been exercised against appellant, he can not complain. The rule was laid down in *Watkins* v. *Turner,* 34 Ark. 663, and affirmed in *Smith* v. *Price,* 125 Ark. 589, to the effect that it is now the duty of the courts, in the exercise of a sound discretion, to grant specific performance ''upon clear cases, coming within the principles'' upon which specific performance is granted. It is allowable in the exercise of a sound discretion to deny specific performance ''where the case is not clear, or where the complainant is in the wrong, or there are considerable countervailing equities.'' *Watkins* v. *Turner, supra.* Under the allegations of the complaint, this is a clear case. Appellee purchased the land and personal property for a specified price and took

immediate possession, and is refusing, without excuse, to pay the price agreed upon.

Lastly, appellee contends for an affirmance of the judgment because the deed tendered for the land did not have stamps to the amount of $60 affixed thereto. The failure to affix the stamps and cancel them does not annul the deed. *Bumpass & Hicks* v. *Taggart,* 26 Ark. 398; *Knox* v. *Rossi,* 48 L. R. A. 305. It is time enough to affix and cancel the stamps if specific performance is decreed.

For the error indicated, the decree is reversed and the cause remanded with directions to reinstate the cause and overrule the demurrer to the bill, and for further proceedings not inconsistent with this opinion.