## Smith v. Biddle.

### Opinion delivered July 5, 1926.

1. Public lands—certificate of entry.—A certificate of entry issued by the United States invested an entryman with the equitable title to the land.

2. Vendor and purchaser—marketable title.—A tax deed from the State to land for which a certificate of entry was issued by the United States, and which was forfeited to the State for taxes, in connection with affidavits showing continuous possession of the land in appellee and his grantors for 35 years before execution of the contract, held to show a marketable title.

3. Vendor and purchaser—time to perfect title.—Where no time limit is fixed in a contract for the vendor to perfect the title, the vendor, contracting to convey a marketable title, has a reasonable time to perfect the title.

4. Vendor and purchaser—marketable title.—Where a vendor contracted to furnish a marketable title, and a mortgage of record had been satisfied, but the deed of release had not been filed, procuring and filing such release within a reasonable time after the execution of the contract was a compliance with the contract.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

#### STATEMENT OF FACTS.

Appellants brought this suit in equity against appellee to cancel a deed executed by them to appellee to certain lots in the city of Little Rock, Pulaski County, Arkansas, and to cancel a contract executed to them by appellee to certain land in Arkansas County, Arkansas.

The written agreement in question was executed on the 21st day of November, 1923, and was signed by appellee and by appellants. Under its terms appellee was to convey certain land to appellants in Arkansas County

which is described according to the United States Government survey. A part of the consideration is represented by the exchange of property and the balance by notes given for the deferred payments. Appellants, as a part of the consideration, executed to appellee a deed to certain lots in the city of Little Rock, Pulaski County, on the 21st day of November, 1923. This deed was delivered to appellee and was duly filed for record. Pursuant to the deed and contract, appellee entered into possession of the lots in the city of Little Rock and appellants entered into possession of the land in Arkansas County.

According to the testimony of appellants, the contract was delivered upon condition that appellee was to deliver an abstract showing a marketable title to the Arkansas County land, and it turned out that the Arkansas County land had a mortgage on it which had not been satisfied of record.

According to the evidence for appellee, no such condition was agreed upon between the parties, and appellants were fully informed that there had been a mortgage on the Arkansas County land, but that it had been paid off. Subsequently appellee obtained a deed of release showing that the mortgage had been satisfied, and this deed of release was duly signed and acknowledged by the trustee named in said mortgage on the 8th day of December, 1923. It was filed for record on the 22d day of February, 1924.

Other facts will be stated or referred to in the opinion.

The chancellor found the issues in favor of appellee, and the complaint of appellants was dismissed for want of equity. The case is here on appeal.

*Mehaffy & Mehaffy,* for appellant.

*J. C. Marshall,* for appellee.

HART, J., (after stating the facts). The conclusion we have reached renders it unnecessary to decide where the preponderance of the evidence lies on the question of the conditional deliverance of the contract in question. If it be conceded that the preponderance of the evidence

shows that it was to be delivered upon condition that appellee should furnish an abstract showing a marketable title in himself to the Arkansas County land, the evidence shows that this has been done.

It appears from the record that a certificate of entry was issued by the United States in 1820 to the Arkansas County land. This had the effect of investing the entryman with the equitable title to the land. 32 Cyc. 1079, and *Hartman* v. *Butterfield Lumber Co.,* 199 U. S. 335, 26 S. Ct. 63.

Subsequently there was a forfeiture of the land to the State for taxes, and the grantors of appellee received a tax deed from the State. The tax deed, in connection with the affidavits showing continuous possession of the land in appellee and his grantors for 35 years before the execution of the contract in question, gave a marketable title, within the rule announced in *Hinton* v. *Martin,* 151 Ark. 343, 236 S. W. 267. Indeed, no complaint was made by appellants on the failure of title, except that, when the contract was executed, the record shows there was an outstanding mortgage on the land which had not been satisfied.

The proof shows that this mortgage had been paid off before the contract in question was executed, but that, for some reason, a deed of release had not been secured and filed for record. The record shows that the deed of release was duly procured and filed for record by appellee. No time was fixed in the contract for perfecting the title, and, where no time limit is fixed in the contract for the sale of land for perfecting the title, the seller has a reasonable time to perfect it. *Dollar* v. *Knight,* 145 Ark. 522.

The deed of release was executed and filed for record within a reasonable time after the execution of the contract in question. The abstract shows a marketable title in appellee to the Arkansas County land, and the chancery court properly held that the contract of sale should not be rescinded because of the failure of appellee to furnish a marketable title.

The decree will therefore be affirmed.