## LESCHER v. BAIRD.

### Opinion delivered May 9, 1927.

1. SPECIFIC PERFORMANCE — MISREPRESENTATIONS. — Misrepresentations alleged to have been made by the purchaser of property as to the character of improvements to be erected thereon *held* no defense to a suit for specific performance of a contract for the sale of real estate, where there was no mention of improvements in the contract.

2. CONTRACTS—REPRESENTATIONS AS TO FUTURE EVENTS.—Statements or misrepresentations as to future events or expectations and probabilities do not constitute "fraud."

3. VENDOR AND PURCHASER—VARIANCE BETWEEN OFFER AND ACCEPTANCE.—A purchaser having made an offer to purchase property could insist on performance of the contract according to the vendor's acceptance, although the acceptance did not cover all of the property mentioned in the offer, the difference not being material.

4. VENDOR AND PURCHASER—SUFFICIENCY OF DESCRIPTION OF PROPERTY. —Description of property in the contract for a deed as that "lying directly south of Twelfth Street pike facing north into Jackson Street, consisting of 300 feet along Twelfth Street pike and 140 feet deep south" *held* sufficient, where the property could be identified by an engineer with the aid of a map of the city.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*John D. Shackleford,* for appellant.

*S. L. White,* for appellee.

KIRBY, J. This appeal is from a decree of the chancery court for specific performance of the contract to convey a strip or tract of land in accordance with the written contract for the sale thereof. The complaint alleged the purchase of the land by the contract made, exhibiting a copy thereof; that the abstract of title was prepared,

and plaintiff expressed his willingness to accept the warranty deed of the defendants for the land purchased and make the payment of $3,000 in cash; that defendants had refused to perform the contract and execute the deed of conveyance, and were endeavoring to sell the land to other persons, and plaintiff tendered in court the agreed price of $3,000. Plaintiff also alleges the real estate agents, naming them, were entitled to 5 per cent. commission out of the purchase price, and prayed that the defendants be enjoined from disposing of the property, and that they be required to accept the $3,000 and execute a sufficient warranty deed conveying the property to plaintiff, or, upon the failure to do so, that the title to the property be divested out of them and vested in the plaintiff.

The answer admits the ownership of the land, the execution of the contract of sale, and alleged that it was procured through misrepresentations of the agents as to what sort of improvements would be erected on it by the plaintiff, and that they had refused to execute the deed upon learning that the erection of such improvements was not in contemplation by the purchaser, as had been falsely represented to them would be made thereon, but for which they would not have executed the contract.

A demurrer was sustained to the answer, and the defendants refused to plead further.

A copy of the contract introduced is as follows:

Exhibit A.

"Sadler & Wilbourn

Little Rock, Arkansas, Aug. 5, 1925.

"Sadler & Wilbourn.

"Gentlemen: I herein submit the following offer to purchase that part of the property of Mr. and Mrs. G. Lescher lying directly south of 12th Street Pike, facing north into Jackson Street, consisting of 300 feet along the 12th Street Pike and 140 feet deep south. I will pay for this property $3,000 cash. It is understood I am to be furnished abstract showing good title, and conveyance

to be made to me by warranty deed, all taxes now due or delinquent to be paid by seller.

"8/5/25.                         (Signed) Jno. P. Baird.

"We accept the above offer, and agree to pay Sadler & Wilbourn their commission (5 per cent.) $150, with the following exception: We think we have 330 feet fronting pike, and we want to leave 20 feet on the east and 20 feet on west for streets, the balance we agree to deed.

"(Signed) Geo. J. Lescher,
"(Signed) Susan H. Lescher."

The testimony shows the execution of the contract, that abstract of title was approved by the purchaser, who presented a deed conveying the lands to be executed by the owners, and was ready to pay the purchase money upon the execution thereof.

Baird, the purchaser, testified that he was willing to pay the money agreed upon and take a deed conveying the strip of property purchased along West 12th Street Pike either 150 or 140 feet deep from 12th Street Pike; that Mr. Lescher did not seem to know what he had, and that he said he was going to have it surveyed. "He knew that he was selling me the north 140 or 150 feet, the north 140 feet, with a 10-foot alley; that was his agreement. I was to have 290 feet with a 20-foot street at each end." He was to buy the whole north end of the property, reserving a street of 20 feet on each end, and Lescher thought the strip was 330 feet long. Lescher stated that he did not accept the offer and did not make the deed; did not believe the second deed left with him was right. It called "for 330 feet by 150 feet," and he did not agree with them on this description, as "I would have had no way to get back and forth to the rest of my property." That the agreement of sale was not carried out, and that the court declined to allow him to state what the representations were about the improvements to be erected.

Mrs. Lescher admitted execution of the contract of sale, but said she would not have signed it except for the representations of the improvements that would be made. They agreed to take the $3,000 and pay the agent's com-

mission, and that if they had made the deed to the 330-foot strip they would have had no means of getting back to the rest of their property. She wanted the improvements agreed to be made specified in the deed, and that she was still willing to make the conveyance if this was done.

The abstract of title was procured at a cost of $17.20, and a civil engineer figured out the true description of the land agreed to be sold from the contract and a map of the city of Little Rock, showing the streets mentioned in the contract.

The decree was for specific performance, that land should be conveyed as described by the engineer, except "a strip of land off the east and west sides of the property as described, 20 feet wide, reserved for a street"; that it was agreed at the time the contract was made that a strip of land 20 feet on the east side and also on the west should be opened for a public street permanently, and the court divested title thereto out of defendants to said 20-foot strip on the east and west sides of said property and vested it in the public forever for use as a street.

Decreed that appellants execute a warranty deed within 10 days conveying the title to the land to the plaintiff, Baird, and it to the clerk of the court. It was also decreed that the clerk make the deed conveying the title, upon failure of appellants to do so, and that he pay the costs of abstract and the brokerage fee for selling the land out of the $3,000 deposited in the court, the balance to the owners, the appellants.

Appellants insist for reversal that the contract of sale was not binding because of the misrepresentations made to them in its procurement about the kind of improvements that would be erected on the property purchased, and also that the minds of the parties did not meet and no contract of sale was made, since the offer as made was not accepted.

The contract makes no mention of the character of improvements to be erected upon the property purchased, says nothing about improvements at all, and no error

was committed by the court in its refusal to hear evidence upon that point. If it had been regarded a matter of moment, appellants doubtless would have made some reference thereto in their acceptance of the proposition, as they did about leaving 20 feet on each end of the strip of land for streets.

The general rule relative to such matters is laid down in R. C. L., vol. 12, as follows:

"It may be stated as a general rule that statements or representations as to future or contingent events, or as to expectations and probabilities, or as to what will be or is intended to be done in the future, or mere expressions of opinion about what will occur in the future, etc., do not constitute fraud, etc. They are generally regarded as mere expressions of opinion, or mere promises or conjectures, on which the other party has no right to rely."

· It is stated further, under "Illustrations:"  *  *  * "So, too, promissory representations looking to the future, such as to what the vendee can do with the property, how much he can make on it, or how much he can save by the use of it, do not generally constitute fraud."

The offer to purchase made by Baird was accepted by the Leschers, owners ·of the property, with a statement as to the width thereof, being 330 feet frontage on the pike, and their desire that 20 feet on the east and west ends should be left for streets, the balance they agreed to convey. This differs from the offer to purchase describing the property as 300 feet along the pike, but this was not material nor so regarded by the purchaser, who had the right to and did insist upon the performance of the contract.

The land purchased was sufficiently described in the contract to be identified by the engineer with the aid of a map of the city showing the location of the streets mentioned in the contract. *Dallar* v. *Knight,* 145 Ark. 522, 224 S. W. 983.

The court decreed the opening of the streets and dedicated to the public use the 20-foot strips on each end

of the tract purchased, fully meeting acceptance of the proposition for the purchase of the land, and decreed the conveyance of the remainder thereof to the purchaser in accordance with the contract of sale. We find no error in the record, and the decree is affirmed.