Lucas *v.* Meek.

5-1176                                    300 S. W. 2d 593

Opinion delivered April 8, 1957.

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*Dickson & Putman* and *Suzanne C. Lighton,* for appellee.

Sam Robinson, Associate Justice.  This case grows out of a contract whereby appellants, Robert O. Lucas, Della M. Lucas and Murray C. Lucas, agreed to purchase, and Mrs. L. Ruth Meek agreed to sell, certain lands in Madison County, Arkansas.  The Chancellor rendered a decree in favor of Mrs. Meek, the seller, and the purchasers, the Lucases, have appealed.

The Lucases lived in Kansas and through an advertisement of the United Farm Agency they became interested in purchasing the property involved in this litigation.  It appears that the United Farm Agency had described the property as consisting of 447 acres.  Mr. George W. Reeves, a local real estate agent in Madison County, was handling the sale of the property, and in talking to the Lucases he explained to them that instead of there being 447 acres there were only 346 acres offered for sale; that this acreage was all he could find that was owned by Mrs. Meek.  The Lucases looked at the property and one of them stated that the 346 acres were

sufficient to meet their requirements. The parties entered into a contract whereby Mrs. Meek agreed to sell 346 acres for a consideration of $9,500. The Lucases paid $3,000 in cash and agreed to pay $500 a year for two years, and the balance to be paid in four equal annual payments, with 6% interest. The deed and abstract were to be held in escrow at the First National Bank of Huntsville until the purchase price was paid in full. The contract further provides that, should the purchasers fail to make the payments as required when due, they were to forfeit all claims to said property and the monies paid would be considered as rent. As agreed, the $3,000 was paid by the Lucases, a deed was executed by Mrs. Meek warranting good title, and the deed and abstract were deposited with the escrow agent. Later, the Lucases took up with Mr. Reeves, the real estate agent, the proposition that they were to get 447 acres instead of 346, which their contract called for. Mr. Reeves again stated that he could not find where Mrs. Meek had title to more than 346 acres, and if the Lucases were not satisfied with the deal it would be called off and the $3,000 refunded. But Mr. Reeves' offer to refund was not accepted. Later, on February 18, 1954, when the first $500 payment became due, the Lucases paid that amount, plus $390 interest, to the escrow agent; but it was paid on condition that it was not to be turned over to Mrs. Meek until a good abstract of title was furnished to the 101 acres of land not included in the original deed and contract.

The contract of sale was entered into on February 20, 1953, but the Lucases did not obtain the abstract from the escrow agent for examination by an attorney until February 15, 1954. The Lucases contend that they made several efforts to obtain the abstract, but the bank would not turn it over to them to have it examined. On the other hand, Mrs. Edith Nichols, an employee of the bank in charge of the escrow files for 13 or 14 years, testified that she does not recall anybody asking for the abstract until about eleven months after it was placed in escrow. She testified that she would have permitted any lawyer to take it for the purpose of examination or

would have let any one of the Lucases take it to a lawyer. The Lucases finally submitted the abstract to an attorney for his examination. The description is very long, requiring almost three pages of the abstract to set it out. Mr. Fowler, the examining attorney, would not approve the title for the principal reason that he stated there were defects in the description.

Subsequently, Mrs. Meek filed this suit to quiet her title and alleged that the Lucases had breached their contract. Mrs. Meek also asked that the purchasers' rights under the contract be forfeited; but, in the alternative, asked for a judgment for the balance of the purchase price under the contract. The Lucases filed a cross complaint in which they alleged breach of warranty of title, and also alleged false representations in connection with the number of acres of land they purchased, and asked that for these reasons the contract be rescinded and they have judgment for the money they had paid on the contract. The Chancellor rendered a decree quieting the title in Mrs. Meek, subject to the deed to the Lucases; made a finding that only 346 acres were involved in the contract of purchase and rendered a judgment against the Lucases for $6,500, the balance owed on the contract, plus interest and taxes paid by Mrs. Meek, and ordered the property sold to satisfy the judgment if not paid within sixty days. On appeal, the Lucases contend that the title was defective, and that such defect constituted a breach of contract entitling them to the return of the money paid, plus the value of improvements they placed on the land.

Assuming that, by reason of the defective descriptions, Mrs. Meek's record title was not perfect, but that a decree has now been rendered quieting title in her on the theory of adverse possession, does she have a title that she can convey which will be in accordance with her contract, and such a title as the Lucases are entitled to receive under the contract? The contract provides: ''And the said first party on receiving such payment at the time and in the manner above mentioned shall at their own proper cost and expense, execute, acknowledge, and deliver, to said second party or to their heirs

or assigns a proper deed containing a general warranty and the usual full covenants for the conveying and assuring to them good title to said premises, free from all encumbrances except those mentioned herein, etc.'' Appellant contends that under the foregoing provision of the contract nothing will suffice except a perfect record title; saying, in effect, that regardless of how good Mrs. Meek's title may be by adverse possession the law will not compel the acceptance by appellants of anything less than a perfect record title. And such is the holding of this court in the cases of *Mays* v. *Blair,* 120 Ark. 69, 179 S. W. 331, and *Shelton* v. *Ratterree,* 121 Ark. 482, 181 S. W. 288.

But both of those cases were overruled in *Hinton* v. *Martin,* 151 Ark. 343, 236 S. W. 267. See also *Dalton* v. *Lybarger,* 152 Ark. 192, 237 S. W. 694; *Meek* v. *Green,* 166 Ark. 436, 266 S. W. 451; *Lone Rock Bank* v. *Pipkin,* 169 Ark. 491, 276 S. W. 588; *Landers* v. *Peoples Building & Loan Association,* 190 Ark. 1072, 81 S. W. 2d 917; *McWilliams* v. *Toups,* 202 Ark. 159, 150 S. W. 2d 34; *Hart* v. *Sternberg,* 205 Ark. 929, 171 S. W. 2d 475; *Bride* v. *Walker,* 206 Ark. 498, 176 S. W. 2d 148.

In the case at bar, Mrs. Meek contracted to deliver a warranty deed assuring the grantees a good title. She did not contract to furnish an abstract showing a good title of record. In *Hinton* v. *Martin, supra,* the court said: ''In the case of *Freeman* v. *Funk,* 117 Pac. 1024, 85 Kan. 473, annotated in 46 L. R. A. (N. S.) 487, there is a very extended annotation of a note on the 'use of possessory title as a weapon of offense.' A sub-note deals with suits for specific performance, and the law is stated by the annotator (p. 515) as follows: 'Title by adverse possession is generally held sufficient to enable the vendor to maintain an action for specific performance against a purchaser, in the absence of a contract for a perfect record title.' '' And the court further said: ''A title by adverse possession may be so clear and free from doubt as to be a 'marketable' title, and may therefore be the basis of a suit for specific performance of a contract to convey land.'' Here, it is not argued that there is anything wrong with Mrs. Meek's

title except there may be a defective description. The Chancellor quieted title in Mrs. Meek. In these circumstances, a delivery of her warranty deed to the escrow agent constituted performance of the contract on her part, and the Chancellor was correct in so holding.

The decree should be modified in one respect. In the circumstances shown here, the Lucases were justified in withholding payments on the contract until such time that Mrs. Meek perfected her title. This was not done until the decree herein was rendered. Therefore, there was no forfeiture, and the Lucases should be permitted to make the payments now in arrears on the contract and make future payments in accordance with the terms of the contract.

Modified and remanded, with directions to enter a decree not inconsistent herewith.