HILLEBRENNER *v.* ODOM.

5-3165 375 S. W. 2d 664

Opinion delivered February 24, 1964.

*Tilghman E. Dixon,* for appellant.

*John T. Jernigan* and *E. R. Parham, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. On November 2, 1960, appellants, Nellie Schindler Hillebrenner and R. T. Hillebrenner, entered into an agreement with appellees, W. M. and Gladys Odom, whereby appellants purchased from appellees Lots 16, 17, 18, 19, 20, 21 and 22, Block 7, Riffel and Holders Addition to the City of Little Rock. The agreed purchase price was $65,000.00. As partial payment, appellants conveyed to appellees property in Dallas, Texas valued at $26,611.33. For the balance of $38,388.67, appellants executed and delivered their promissory note payable $150.00 per month, in addition to interest at the rate of 5% per annum. Located on the property are rental units consisting of duplexes, cabins, and a business building. Some house trailers were also on the property at the time of the sale, but it was understood by all parties that they did not go with the property.

Among other things, the contract of purchase provides: "Upon payment of the entire debt with interest when due, together with all taxes, assessments and insurance premiums due hereafter, SELLER will convey to BUYER the above described property by Warranty Deed and will furnish an Abstract of Title certified to the date of this AGREEMENT showing merchantable title."

On June 28, 1962, appellants filed this action alleging that the appellees had misrepresented the amount of rent the property would produce and had also misrepresented the condition of the buildings. They alleged that the buildings were in a deplorable condition necessitating the expenditure of about $3,000.00 in making repairs, and further, that under the provisions of a city ordinance the house trailers could not be kept on the

premises, and that appellees had moved them, thereby reducing the monthly income from rent.

Appellants further allege that the title was defective and stemmed from a State Tax Title, and that they have called upon the defendants to either correct said title and make it merchantable or to refund their money, which the defendants have failed and refused to do. Appellants prayed for judgment against appellees in the sum of $34,961.33.

The trial court held that the preponderance of the evidence did not show that appellees made any false representations in the sale of the property that called for a rescission of the contract. We agree with the chancellor on that point. The parties were dealing at arms length. Appellants had every opportunity to inspect the property and to make a determination of its value; they knew the house trailers did not go with the property, and, of course, they knew the trailers could be moved at any time. Further, one of the appellants, Mr. Hillebrenner, is a plumber by trade. He spent about two days at the property and was in just about as good a position as anyone to determine the condition of the property. It appears that appellants made a bad trade, but there was no fraud or deception practiced by appellees that would justify a rescission of the contract. The court said in *Rose* v. *Moore,* 196 Ark. 527, 118 S. W. 2d 870: "With the opportunity afforded Lange to investigate and inspect the farm, it must be presumed that he exercised and relied upon his own judgment in making the contract." And the court said in *Green* v. *Bush,* 203 Ark. 883, 159 S. W. 2d 458: "This is a suit to cancel a deed upon the grounds that its execution was procured by fraud; which is never presumed, but must be affirmatively proved."

Appellants further contend that although the contract of purchase provides that when the purchase price is paid in full appellees will furnish an abstract showing a merchantable title, the appellees do not have a merchantable title, and, therefore, cannot furnish an abstract showing title. Appellee offered to furnish title

insurance; the trial court thought this would be a sufficient compliance with the purchase agreement, and therefore rendered a decree for appellees.

Apparently, the only defect in the abstract of title to Lot 22 is that the patent from the U. S. Government is not shown. It appears, however, that appellees must depend on adverse possession to establish their title to the other lots. Their adverse possession does not show in the abstract of title that they propose to furnish appellants when the purchase price is paid in full. In all probability, a successful suit to quiet title will be necessary to cause the abstract to show a merchantable title.

In this case there is a contract to convey the property by warranty deed and to *furnish an abstract* showing a merchantable title, not a contract to *convey* a merchantable title. There is a distinction, as pointed out in *Lucas* v. *Meek,* 227 Ark. 677, 300 S. W. 2d 593. Perhaps it can be said that in at least two cases it has been held that adverse possession is sufficient to support a contract to furnish an abstract showing a merchantable title. *Smith* v. *Biddle,* 171 Ark. 644, 286 S. W. 801; *McWilliams* v. *Toups,* 202 Ark. 159, 150 S. W. 2d 34. But the decided weight of authority, with which we agree, is that a contract to furnish an abstract showing a merchantable title means just what it says, and the seller must furnish that kind of abstract.

In *Meek* v. *Green,* 166 Ark. 436, 266 S. W. 451, Judge Hart said: "This court has held that, where a contract for the purchase and sale of land calls for an abstract showing good title, the covenant will be construed to mean a good record title, and not such a title as may be shown to be good by oral proof, or affidavits and other writings not subject to registration. In short, it is not sufficient in such cases that the title is good in fact, that is, capable of being made good by the production of affidavits or other oral testimony, but it must be good of record. *Hinton* v. *Martin,* 151 Ark. 343; *Dalton* v. *Lybarger,* 152 Ark. 193; and *Bennett* v. *Farabough,* 154 Ark. 193." In 46 A.L.R. 2d 561 there is a long annotation on the effect of a contract calling for an abstract

showing a merchantable title. It is clearly shown by the cases cited in this annotation, as well as our own cases, that the great weight of authority is that such a provision in a contract of purchase will be enforced.

Since the institution of this suit, the monthly payments due under the terms of the purchase contract have been paid into the registry of the trial court. The purchase contract provides that the abstract shall be furnished after the purchase price has been paid. Here, where it is shown that the seller must take affirmative action in order to be able to furnish an abstract showing a merchantable title, equity will not enforce the monthly payments to the seller, but appellants shall continue to make such payments into the registry of the trial court, and appellees are given a reasonable time in which to furnish to appellants, for examination, an abstract showing a merchantable title. If and when such abstract is furnished, the money which has accumulated in the registry of the court, and the future monthly payments, shall be paid to appellees. *Lucas* v. *Meek,* 227 Ark. 677, 300 S. W. 2d 593.

The judgment is modified and remanded with directions to enter an order not inconsistent therewith.

HOLT, J., not participating.