MILLS *v.* SANDERSON.

Opinion delivered April 21, 1900.

1. ELECTION CONTESTS—JUDGMENT FOR COSTS—NOTICE.—Under Sand. & H. Dig. § 2704, providing that if in election contests "judgment shall be rendered against the contestant, judgment shall be immediately rendered against him and his sureties" for the costs of the case, no notice is necessary to such sureties before judgment is rendered against them. (Page 133.)

2. STATUTES—GENERAL AND SPECIAL.—Where there is a special act applicable in particular cases, a general act on the same subject is not applicable. (Page 134.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

### STATEMENT BY THE COURT.

The appellant Mills contested the election of the appellee to the office of sheriff of Little River county, and gave a bond for costs, as required by the statute. Pending the cause, it seems, the bond for costs was lost or mislaid. The court ordered the contestant to give a new bond for costs, or substitute the original bond. This he failed to do. On motion of appellee his suit was by the court dismissed, with judgment against contestant for the costs, without notice to the sureties of the motion, and with an order for execution. Execution issued against said S. S. P. Mills and J. P. Head and W. M. Sykes the sureties on the bond of said Mills for costs in the sum of $1,260.80 as costs acrued in the action.

Mills and said sureties filed a motion to set aside the judgment and quash the execution, and prayed for a restraining order, which was issued. The material grounds alleged and relied upon were that judgment was rendered against the sureties, Sykes and Head, without notice to them as required by law; that said bond was signed, delivered and approved on Sunday, and had never been ratified or approved [by them], and was therefore void." Sanderson demurred generally, ruling on which was reserved. The appellee specially demurred to said paragraphs second and third of the petition. The court sustained the demurrer to said second paragraph, and overruled the demurrer to the third paragraph. Appellant excepted to the judgment of the court sustaining the demurrer to said second paragraph, and appellee excepted to the court's judgment in overruling the demurrer to the second paragraph.

The court then heard the testimony, and found that all the costs were duly and legally taxed; that all the cost was incurred before the agreement of counsel and the order of court that no further steps would be taken in the case pending the decision of *Walker* v. *Cheever*; that the bond for costs was delivered to the clerk on Saturday, September 15, 1894, and by him filed on Monday, September 17, 1894; and that all the

proceedings thereafter had were had by reason of said bond—
and denied the motion, and dissolved the temporary restrain-
ing order, adjudging 6 per cent damages against the petition-
ers by reason of the issuance of said restraining order. The
court then overruled defendant's general demurrer.

Appellants duly excepted to the findings, rulings and opin-
ion of the court and to the judgment, and filed their motion for
a new trial, which being overruled, they excepted and prayed
an appeal.

*T. E. Webber*, for appellants.

The court erred in sustaining defendant's demurrer to the
second paragraph of appellant's petition because there was no
*trial* had, as is required by Sand. & H. Dig. § 2.704. Rap. &
Law. Law Dict. *"Trial."* It cannot be said that the above cited
statute repeals by any *necessary implication* the provisions of
Sand. & H. Dig., § 796, providing for notice to the surety.
29 Ark. 225; Black, Interp. Laws, 112; 48 Ark. 159; 56 *ib.*
45; 45 Ark. 93. If the two provisions can be so construed
as to both stand, such construction should be given them. 106
U. S. 668; 10 Mo. 410; 33 N. J. L. 263; 2 Grant's Cas.
.(Pa.) 455. The obligation is unenforceable because it was
signed, delivered, approved and filed on Sunday. 2 Beach,
Mod. Law of Cont. 1618; 2 Pars. Cont. 762; Bish. Cont. §
507; 24 Am. & Eng. Enc. Law, 558; 29 Ark. 386. Nor
could it be validated by the clerk dating the filing as of a
secular day. 73 Ind. 597; 24 Am. & Eng. Enc. Law, 566,
567; 8 *id.* (2 Ed.) 733; 35 Ark. 470; 40 *ib.* 144; 1 Gr. Ev.
§ 285; Bish. Cont. § 178.

*Oscar D. Scott, Paul Jones, L. S. Solinsky* and *John C.
Head*, for appellee.

The circuit court was warranted in dismissing the original
action on account of the failure of the plaintiff in that action
to comply with the order of court requiring security for costs.
11 Ark. 9; 14 Ark. 47. If there was a failure to give proper
notice for judgment on the bond, appellant's remedy was cer-
tiorari or by bill in equity. 29 Ark. 183; 39 Ark. 347; 32
Ark. 778; 50 Ark. 458; 52 Ark. 80. The circuit court has no

power to vacate the order after term time. Sand. & H. Dig., § 4197; 46 Ark. 552; 33 Ark. 454. The ruling of the court sustaining the demurrer to the second paragraph of the motion was correct. The act of February 24, 1879, repeals the former statute upon the subject of costs in contested election cases, because it covers the entire field anew, and supersedes the old statute. 31 Ark. 19; 46 Ark. 450; 43 Ark. 425; 29 Ark. 225. Even if the bond had been executed on Sunday, it would have been enforceable in this case. The ground for declaring Sunday contracts void is that the parties are *in pari delicto.* 24 Am. & Eng. Enc. Law, 386; 31 Ark. 518; 38 Ark. 661. The rule does not apply when the party seeking to enforce the contract was not a party to the illegality. 40 Ark. 545; 31 Ark. 128. The subsequent filing of the bond on a secular day was an affirmance of the contract. 29 Ark. 386; 2 Pars. Cont. 762; 25 Ind. 503; 38 Minn. 395; 41 Ala. 132.

HUGHES, J., (after stating the facts.) There is evidence to sustain the finding of the court that the bond for costs was delivered to the clerk on Saturday, the 15th of September, 1894, and by him filed on Monday, the 17th of September, 1894. Was the judgment rendered without notice? When the sureties signed and delivered the bond, they were in court, and were bound to take notice of any proceedings in the case that affected them. Section 2704, Sandels & Hill's Digest, provides that "if, upon the trial of any such suit as is mentioned in section 2702 [contests for offices named], judgment shall be rendered against the contestant, judgment shall be immediately rendered against him and his sureties in the bond for costs in favor of the contestee or defendant in the action, and the officers of the court, for the amount due them as costs in the case." Act February 24, 1879, §§ 1, 2 and 4.

The general statute is found in section 796, Sand. & H. Dig., and provides that "in all cases where there is security for costs * * * in which the plaintiff shall be adjudged to pay the costs, judgment may be rendered against such security * * * on motion of the party entitled to such costs, notice of such motion having first been given to such security," etc. Rev. Stat. chap. 34.

There is no conflict between the two sections. One applies in actions at law generally, while the other applies in contested election cases, and is a special statute enacted to be applied specially in reference to contested election cases. The general act applies in all actions at law, whenever there is not a special statute. Where there is a special act made to appl: in particular cases, it only applies, and not the general act Endlich, Interp. of Statutes, § 223 *et seq.*

The judgment of the court in sustaining the demurrer to the second paragraph of the petition is correct, and the findings of the court and judgment upon the facts is sustained by the evidence.

The judgment is in all things affirmed.