DUNN v. OUACHITA VALLEY BANK.

Opinion delivered December 20, 1902.

1. COUNTY—STENOGRAPHER'S SALARY.—Under an act providing that the court stenographer's salary shall be paid out of the stenographer's fund (Act March 16, 1897), a county is not liable for the payment of its *pro rata* of such salary out of the general revenue or any other fund, if there is no money in the stenographer's fund. *Franklin County* v. *McRaven,* 67 Ark. 562, followed. (Page 136.).

2. STATUTES—SPECIFIC AND GENERAL.—In the absence of repugnancy or negative words, the more specific statute or provision will control the general, without regard to their order and dates; and the two acts will be interpreted as operating together, the specific

provisions qualifying or furnishing exceptions to those which are general. (Page 137.)

Appeal from Calhoun Circuit Court.

Charles W. Smith, Judge.

Reversed and remanded.

STATEMENT BY THE COURT.

This is an appeal from a judgment granting mandamus against the appellant as treasurer of Calhoun county, commanding him to pay certain county warrants of appellee. These warrants were issued upon the orders of allowance of the county court of Calhoun county in favor of W. H. Hall or bearer. Counsel for appellee states in his brief that "these warrants were drawn on the stenographer's fund, and the fact that it was not so stated in the complaint was a clerical error. It was considered that way by the court and the parties, at the hearing." The answer states: "The reason the warrants were not paid was because there was no money in the hands of the treasurer to the credit of the stenographer's fund." The court sustained a demurrer to this answer, and, appellant not answering further, judgment was rendered against him.

*Thornton & Thornton,* for appellant.

The demurrer to appellant's answer should have been overruled. 67 Ark. 562.

*John T. Sifford,* for appellee.

Orders of allowance of county courts are judgments, and can not be impeached collaterally. 37 Ark. 649; 37 Ark. 540. The county clerk only can order warrants drawn on the treasurer. 47 Ark. 80; 44 Ark. 225; 26 Ark. 461; 30 Ark. 578; 34 Ark. 362.

Wood, J., (after stating the facts.) It was alleged in the complaint, and not denied, that there was in the county treasury at the time these warrants were presented, not appropriated to any fund, the sum of one thousand dollars. Appellee contends that the warrants should have been paid under the authority of section 1243, Sandels & Hill's Digest, which reads as follows: "All warrants drawn on the treasury shall be paid out of any money in the treas-

ury not otherwise appropriated, or out of the particular fund expressed therein, and shall be received, irrespective of their number and date, in payment of all taxes and debts accruing to the county."

We held in *Franklin County* v. *McRaven,* 67 Ark. 562, that, "under the act of March 16, 1897, providing for the appointment of a court stenographer and allowing such stenographer a salary of $800, 'to be paid out of the stenographer's fund by the several counties composing the circuit,' a county is not liable for the payment of its *pro rata* of such salary out of the general revenue or any other fund, if there is no money in the stenographer's fund." We said in that case that the language, "and paid into the county treasury as a stenographer's fund, which shall be kept by the treasurer as a separate fund, to be designated the stenographer's fund," shows that the intent of the legislature was not to reimburse the counties, but to provide the only method for raising the fund, and the only fund out of which the stenographer could be paid. This case is ruled by that. For in both the question of whether or not the county is liable where there are no funds in the treasury to the credit of the stenographer's fund is necessarily involved. The statute in regard to the payment of all warrants drawn on the treasury out of any money in the treasury not otherwise appropriated, etc., is a general law as to the payment of warrants. The statute providing how a stenographer shall be paid is a special or particular statute. The principle announced in *Chamberlain* v. *State,* 50 Ark. 132, applies.

"In the absence of repugnancy or negative words, the more specific statute or provision will control the general, without regard to their order and dates; and the two acts will be interpreted as operating together, the specific provisions qualifying or furnishing exceptions to those which are general." Crawford's Digest, Statutes, VII, 6.

The judgment is reversed, and the cause is remanded, with directions to overrule the demurrer.