## LAWYER *v.* CARPENTER.

### Opinion delivered November 5, 1906.

1. STATUTES—GENERAL AND SPECIFIC.—A general law does not apply where there is a specific statute covering the particular subject-matter, irrespective of the dates of their passage. (Page 412.)

2. SAME—IMPLIED REPEAL OF STATUTE FOR QUIETING TITLES.—Under the established rule that where the Legislature takes up the whole subject anew and covers the entire ground of a former statute, and evidently intends the later statute as a substitute therefor, the former will be repealed, although there be no express words of repeal, and there be in the old act provisions not embraced in the new, *held* that Kirby's Digest, § § 6517-6521, relating to quieting of titles, was impliedly repealed by the later act found in Kirby's Digest, § § 649-660. (Page 412.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*John F. Park,* for appellant.

Appellant was not barred. This court as late as April, 1903, recognized the validity of § 6259, Kirby's Digest. 71 Ark. 318. It is not repealed by the enactment in March, 1891, of §

6520, *Ib.* Repeals by implication are not favored. 24 Ark. 479; 41 Ark. 151; 45 Ark. 92.

*H. A. Parker,* for appellee.

As between a general and a special statute on the same subject, the former controls in all cases except those falling within the purview of the special act; and since § 6259, Kirby's Digest, is general in its application, and § 6520 is a special law, there is no conflict between them, and the latter controls in this case. The language of the later act, being plain and unambiguous, leaves no room for construction. 56 Ark. 110. See, also, 50 Ark. 132; 53 Ark. 418.

Hill, C. J. On 9th of June, 1900, Carpenter brought suit in Arkansas County Chancery Court against Lawyer, in which he alleged that he was the owner of a tract of land therein described, and that Lawyer was claiming title to it, but had no title thereto, and that his claim was a cloud on plaintiff's title, and prayed for its cancellation.

Constructive service was had upon Lawyer as a nonresident, and the suit progressed to judgment in Carpenter's favor on the 9th of August, 1900, cancelling Lawyer's title. Within less than two years, but over one year, Lawyer filed a motion to set aside the judgment and retry the case, tendered a cost bond and an answer showing a meritorious defense. The answer, in substance, denied Carpenter's title, and set up title in Lawyer under a donation deed and seven years' adverse possession, and alleged that he was in actual possession through a tenant at the time of the rendition of the decree.

The question presented is, what time after judgment on constructive service where title to real estate is quieted has the defendant to appear and retry the case on tendering an answer showing a meritorious defense?

The act of March 4, 1887 (sec. 6259, Kirby's Digest), provides for reopening judgment rendered on constructive service where defendant has not appeared within two years. This act may be dismissed from this case, for it is general in its terms, and is intended to apply to all judgments rendered on constructive service, except otherwise specially provided for, whereas the question here is which of several statutes relating to a particular sub-

ject—quieting titles—governs. A general law does not apply where there is another statute governing the particular subject, irrespective of the date of either the general or particular law; neither repeals the other; the particular legislation covers the narrower field where it is applicable. *Dunn* v. *Ouachita Valley Bank,* 71 Ark. 135; *Mills* v *Sanderson,* 68 Ark. 130; *Ex parte Morrison,* 69 Ark. 517; *Chamberlain* v. *State,* 50 Ark. 132; *State* v. *Kirk,* 53 Ark. 339; *Thompson* v. *State,* 60 Ark. 59.

Passing then to acts on the particular subject of quieting and confirming titles, three are found: Sections 661-675, Kirby's Digest, relating to confirming tax titles and other titles acquired in involuntary proceedings. These statutes are particular to this subject, and are not in this case. See Ex parte *Morrison,* 69 Ark. 517. That leaves for consideration the act of March 26, 1891, the second section amended by act of April 4, 1893, found as chapter 131, Kirby's Digest, entitled "Quieting Titles;" and act of March 28, 1899, part of the chapter on Confirmation of Titles, and found in secs. 649-660, Kirby's Digest.

An examination of the statute of 1891-1893 will show that the subject-matters thereof are covered in the later statute. The first section (Kirby's Digest, § 6517) gives an action to quiet title to real estate to a person, whether in actual possession or not, against an adverse claimant, whether in actual possession or not. The next section (6518), which was the amendment of 1893, requires the suit to be brought at law whenever the adverse claimant is in actual possession. . Where this was a contest for the possession of real estate, there would be a right of trial by jury, and hence this provision merely takes out of the chancery court a case which it could not entertain. Whether there is any cumulation of remedies at law to those provided in the chapter on ejectment is not now important. The remainder of this section provides a suit in equity where the plaintiff is in possession or the land is wild and unoccupied, and permits a joinder of several tracts and claimants, and provides for separate trial where the issues are separate or joint trial where the issues are substantially the same, and gives the court authority to issue appropriate orders and to apportion the costs equitably. The next section relates to procedure of summoning the defendants.

The statute of 1899 gives to a person claiming to own land

an action to confirm and quiet his title where it is wild or improved or in his possession. Sec. 649. The next section provides that the action shall be in the chancery court, and must be upon petition showing *prima facie* title in plaintiff, and that there is no adverse occupant of the land; and requires him to bring in all adverse claimants. The next section (651) permits the joining of several tracts in one petition. Section 658 provides that the rights of persons summoned shall be adjudicated according to equitable principles, and section 659 provides for the petitioner to pay the costs if there are no other parties to the proceedings, otherwise it shall be adjudged according to the principles of equity. Section 653 provides for publication of notice of the suit and its object and purpose.

Thus it is seen that every subject embraced in the equity action in the statute of 1891-3 is covered in the foregoing sections of the act of 1899.

There are but two other sections in the statute of 1891-3, and they are the one in question, as to reopening the decree rendered on constructive service, and section 6521, which makes the decree operate as a conveyance of title in certain cases and provides for recording the decree. The act of 1899 provides for recording the decree (660), but does not provide for the decree operating as a conveyance.

Probably the framers of the latter statute had in mind sections 4476, 4477, Kirby's Digest, which seem to cover this matter fully, and therefore only reenacted the part of the section providing for recording the decree. Whatever may be the reason actuating the legislation, the fact that the substance of part of a section is reenacted and the remainder not reenacted evidences an intention to repeal all not reenacted. The provision in the act of 1891-3 for reopening decrees (6520) gives the defendant constructively summoned one year to appear and defend on showing a meritorious defense, but provides that the title to property the subject of the decree shall not be affected where it has passed to a purchaser in good faith. The act of 1899 gives any person the right within three years to appear and upon showing of a meritorious defense to be let in to defend, and any person laboring under disability of infancy, lunacy, idiocy or coverture may set aside the decree within three years after removal of disability.

Section 657. There are other provisions in the act of 1899 in addition to these mentioned, but it is not necessary to set them out, as only so much of the later act which covers the former is important here. This review shows that every matter legislated upon in the statute of 1891-3 is covered by this later act except the provision that where the adverse claimant is in actual possession the suit must be brought at law, or if in equity then to be transferred to law, and the provision making the decree operate as a conveyance of the title. Every other matter in the statute, and the very gist of it—a proceeding in equity to quiet title to real estate in the possession of the plaintiff or not in the possession of any one—is fully covered in every phase by the later enactment.

The established canon of statutory construction on this subject is: "Where the Legislature takes up a whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new." *Pulaski County* v. *Downer,* 10 Ark. 585; *Dowell* v. *Tucker,* 46 Ark. 438; *Wood* v. *State,* 47 Ark. 488; *Inman* v. *State,* 65 Ark. 508; *Wilson* v. *Massie,* 70 Ark. 25.

The application of the foregoing test to the chapter on Quieting Titles show that all of it is repealed.

The motion in question was aptly brought under sec. 657; and if the allegations in the tendered answer are true, the decree should be vacated.

Reversed and remanded.