SWIFT *v.* IVERY.

Opinion delivered January 24, 1921.

1. LANDLORD AND TENANT—ESTOPPEL.—While, in an action merely to recover possession of land, the tenant can not deny the landlord's title to the premises, yet, where the landlord both seeks possession and asks that title to the land be vested in himself, the tenant is not estopped to dispute the landlord's title.

2. MORTGAGES—POWER OF SALE.—Where a mortgage authorized the mortgagee or his assignee to execute a power of sale, an attempted sale under the power made by a stranger not an assignee is without authority and void.

3. MORTGAGES—SALE UNDER POWER WITHOUT APPRAISEMENT.—A sale of mortgaged land under a power contained in the mortgage without first having the land appraised as required by statute is void.

4. MORTGAGES—PURCHASER AT VOID SALE.—When a sale of land under a power contained in a mortgage was void, the purchaser became only a mortgagee in possession where the mortgagor signed a rent note and paid rent to him.

5. MORTGAGES—PURCHASE AT VOID SALE—ASSIGNMENT.—A purchaser at a void sale under a power contained in a. mortgage will be treated as an assignee of the mortgage.

6. MORTGAGES—MORTGAGEE IN POSSESSION—ADVERSE POSSESSION.—A mortgagee in possession, while occupying that position, could acquire no title adverse to the mortgagor.

Appeal from Lafayette Chancery Court; *J. M. Barker,* Chancellor; affirmed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appellants to cancel and set aside a deed from G. T. Whatley, trustee for D. L. King, to P. B. Swift for 160 acres of land in Lafayette County, Arkansas, and to quiet the title of appellees in said land.

The complaint alleged that the deed above referred to was void because it was given pursuant to the power of sale under a mortgage, and that the sale under the power was void because the agent or trustee making the sale was not authorized by the mortgage to make it, and because the land was not appraised as required by statute before the sale.

Appellants filed an answer in which they denied the material allegations of the complaint and averred that said mortgage was in all respects legally foreclosed. They also filed a cross-complaint in which they set up the foreclosure of the mortgage and the sale to P. B. Swift under the power contained in it. They also claim title to the premises by adverse possession after the sale under the power contained in the mortgage.

The prayer of their cross-complaint is that the complaint be dismissed for want of equity and that the title

to the land in controversy be declared and quieted in P. B. Swift.

The material facts are as follows: A patent was issued by the United States Government to Anthony Robinson to the land in controversy. Robinson lived on land from the time he received the patent until he died in August, 1897. He left surviving him his widow, Abbie Robinson, and his children, who are the appellees and who were the plaintiffs in the court below in this action. Abbie Robinson continued to reside on the land until she died in 1910. Prior to her death, she and two of her children executed a mortgage on the land to D. L. King to secure an indebtedness to him. The mortgage provided that, in case of nonpayment, the mortgagee, or his assignee, should have the power to sell the land in the manner prescribed by the mortgage. The mortgage was executed on the 1st day of May, 1909, and was duly filed for record. In 1911, Lula Ivery, one of the appellees, moved on the place and has resided there ever since. In February, 1911, G. T. Whatley, as agent and trustee for D. L. King, sold the land at public sale to satisfy the indebtedness due D. L. King. The land was duly advertised as prescribed by the mortgage, but the record does not show that it was appraised, as required by the statute, before the day of sale. P. B. Swift was the highest bidder at the sale, and G. T. Whatley executed a deed to him for the property. Lula Ivery executed a rent note to P. B. Swift for $12 for the rent of the land for the year 1912. According to the testimony of D. L. King, she also admitted in 1914 that she was holding the property as his tenant.

G. T. Whatley testified that Lula Ivery executed in his presence the rent note for the year 1920. Lula Ivery denied that she ever paid rent to any one after she moved on the place. She stated that she moved on the place at the instance of her brothers and sisters, and that they thought the place belonged to them as heirs of Anthony Robinson, deceased.

The chancellor was of the opinion that the sale under the mortgage above referred to was void, and that the sale by the agent and trustee of D. L. King, under and by virtue of the mortgage above referred to, was void, and that the deed executed by Whatley to Swift should be canceled; that the title of appellees to said land should be quieted and confirmed against appellants.

The court further found that certain of appellees were indebted to King upon the note and account which the mortgage aforesaid was given to secure, and that they should pay to appellants the sum found due within a designated time. In default of the payment, the land was ordered sold to satisfy the amount found due.

A decree in accordance with the finding of the chancellor was entered of record, and to reverse that decree appellants have prosecuted this appeal.

*King & Whatley*, for appellants.

1. The undisputed facts show that after the foreclosure under the power in the mortgage one of the appellees went into possession for herself and the other appellees and gave a rent note for 1912 and was a tenant of appellants. A tenant can not dispute the landlord's title. 206 S. W. Rep. 749; 211 *Id.* 142; 132 Ark. 1.

2. The suit is barred by statute.

A tenant can not oust the landlord. 225 U. S. 708. One who comes into equity must come with clean hands. 68 Ga. 482. 16 L. R. A. (N. S.), *Memphis Keely Institute* v. *Keely Co.* When the record diclosed that plaintiff was a tenant of Swift's, the suit should have been dismissed. 4 Am. Rep. 44 to 106. Lou Ivery was a tenant and is estopped. 135 Ark. 43; 110 Me. 428; 125 Ark. 146; *Ib.* 141. Swift's possession was under color of title and good. 124 Ark. 379; 129 *Id.* 270; 140 *Id.* 40.

*McKay & Smith*, for appellees.

A mortgagee having authority to sell under a power in the mortgage can not delegate to another the power to conduct the sale. 55 Ark. 327; 70 *Id.* 507. The sale

by Whatley to Swift was void. 27 Cyc. 1459; 19 R. C. L. 591; 70 Ark. 309; 84 *Id.* 298; 213 S. W. 2; 84 Ark. 304; 70 *Id.* 490; 55 *Id.* 268; 55 *Id.* 326-8. Appellees' cause of action was not barred by limitation.

HART, J. (after stating the facts). It is earnestly insisted by counsel for appellants that the decree should be reversed because the undisputed evidence shows that, after the foreclosure under the power contained in the mortgage, one of the appellees went into possession of the land for herself and the other appellees, and gave a rent note to one of the appellants for the rent for 1912, and that she continued to reside on the land as the tenant of one of the appellants.

Under this state of facts, counsel invoke the rule laid down in *Gibson* v. *Allen-West Com. Co.,* 138 Ark. 172, and cases cited to the effect that in an action to recover possession of land the tenant can not deny the landlord's title to the premises. The rule invoked is well settled and not open to controversy in this State, but it has no application in suits like the present one. While the landlord seeks to recover the possession of the land, he can do so under the lease, and the tenant gains no advantage over the landlord by taking a lease. There is an exception to the general rule, however, where the landlord goes further and demands to have his title in fee adjudicated against the defendant. If appellants' position is correct, the landlord might obtain a title in fee by estoppel against the tenant and thus acquire an advantage to which he is not entitled.

In *Stevenson* v. *Rogers* (Tex.), Ann. Cas. 1912 D, p. 99, the court held: "While, as a general rule, in an action by a lessor after termination of the lease for possession of the leased premises, the defendant can not dispute the plaintiff's title or right to possession without first surrendering the possession he received under the lease, where, however, the suit is to recover possession and establish the plaintiff's title, whereby the defendant's title would be destroyed, the defendant may

defend by showing a superior title in himself.'' Several cases are cited to sustain the holding of the court.

In *Hebden* v. *Bina* (N. D.), 116 N. W. 85, 138 Am. St. Rep. 700, a case in all essential respects like the present one, the court said that it is well settled that a tenant is not estopped to deny his landlord's title in any action such as this, but that he is thus estopped merely in actions arising out of the relation of landlord and tenant. Several cases are cited in it to support the decision.

In the instant case, appellants filed a cross-complaint in which they ask that the title to the land in controversy be invested in P. B. Swift and quieted in him. Therefore, appellees were not estopped from disputing the appellant's title.

It is contended by counsel for appellees that the sale by G. T. Whatley, as agent and trustee of D. L. King, to P. B. Swift was void. In this contention we think counsel are correct. The mortgage was foreclosed under the power of sale contained in it, and the right to do so is derived from the mortgage itself. The mortgage bestowed the power of sale upon the mortgagee and his assignee. By the terms of the power only King or his assignee could execute it. The right to substitute some one else did not exist. King never assigned the mortgage, and the sale by Whatley for him under the power was void. Hence the deed executed by Whatley to Swift was of no effect and conferred no title upon the latter. *Stallings* v. *Thomas*, 55 Ark. 326. See also, 27 Cyc., p. 1459, and 19 R. C. L., 591.

The sale was void for another reason. The record does not show that it was appraised as required by the statute. In *Craig* v. *Meriwether*, 84 Ark. 298, it was held that a sale of mortgaged land under a power contained in the mortgage, without first having the land appraised as required by the statute, is void. The sale being void, the attitude of the mortgagee toward the land was unchanged. The record shows that Lula Ivery went into

possession of the land for herself and her brothers and sisters. Two of these in connection with their mother, who had a dower interest in the land, had executed a mortgage on the land to D. L. King. The act of Lula Ivery under these circumstances in signing a rent note and paying rent to P. B. Swift constituted him a mortgagee in possession. The rights of the parties are therefore to be determined by the law regulating the rights and duties of such mortgagee. *Stallings* v. *Thomas,* 55 Ark. 326. The sale to Swift being void, he could only be treated as an assignee of D. L. King under the mortgage. Therefore the attornment of Lula Ivery to him constituted him a mortgagee in possession, and he could acquire no title while occupying that relation adversely to the rights of appellees. Appellants, therefore, being in the attitude of a mortgagee in possession, acquired no title by adverse possession, as pleaded and claimed by them. Therefore, the court was right in ascertaining the amount due them under the mortgage and providing for a sale of the land in satisfaction thereof in case default was made in the payment of the same by a designated time. There was also no error in quieting the title in the appellees in case such payment was made.

It follows that the decree of the chancellor was correct, as far as the appellants are concerned, and it will be affirmed.