DALTON *v.* LYBARGER.

Opinion delivered February 20, 1922.

1. VENDOR AND PURCHASER—RECORD TITLE—CONFIRMATION DECREE.—As a decree confirming a tax title does not become impervious against attack until three years have expired, under Crawford & Moses' Dig., § 8370, until that period has expired, such a decree does not have the effect of perfecting a record title.

2. VENDOR AND PURCHASER—RECORD TITLE.—A contract calling for an abstract "showing a good merchantable title" contemplates a record marketable title, and not a marketable title by limitation.

Appeal from Washington Chancery Court; *B. F. McMahan,* Chancellor; reversed.

*E. B. Wall,* for appellant.

The title tendered by plaintiffs is a title by limitation, whereas, the one called for by the contract was a record marketable title. Appellant was not obligated to accept anything less than the title contracted for. See 121 Ark. 482 and 120 Ark. 69.

*H. L. Pearson* and *John Mayes,* for appellee.

By a "clear record title," it is not meant that there shall be an unbroken chain of conveyances from the Government down to the vendor. 120 Ark. 76. The title tendered by appellee was a good one as held by the chancellor, and his decree should be affirmed.

HUMPHREYS, J. Appellant and appellees entered into a written contract for the sale and purchase of certain real estate and personal property. Appellees instituted suit for specific performance of the contract. Appellant answered that all the personal property covered by the contract had not been delivered to him, and that the part which had been delivered to him was in bad condition; and, by way of cross-complaint, asked for damages and for specific performance of the contract. Appellant was awarded $200 as damages, and a specific performance of the contract was decreed, and the decree, following the contract in reference to the character of title contracted for, ordered appellees to convey the lands to appellant by good and sufficient warranty deed and to furnish abstract of title to all of said described lands showing good and merchantable title thereto. The decree was entered February 28, 1920, and no appeal was prayed by either party therefrom. Before the rendition of the decree appellant had taken possession of the lands and personal property and had had an opportunity to inspect the abstracts, which were placed in escrow, but had not done so. Subsequent to the rendition of the decree appellees tendered deeds and an abstract for the

lands to appellant, which appellant refused to accept upon the ground that the abstract did not show a perfect record title to the lands. Exceptions were filed to the title, showing record breaks in the chain of title. Appellees attempted to meet the objections and exceptions to the title tendered, by proceedings in the chancery court of Washington County to quiet the title to the lands. They obtained two decrees in suits instituted for that purpose. The first decree was entered by *nunc pro tunc* order as of the 16th day of August, 1920, and the second on April 19, 1921. The trial court held that the first decree did not cure all the defects in the title, but held that the second decree did cure the defects alleged in the title, and was a full compliance with the reqiurement in the contract and decree for a specific performance to furnish appellant an abstract showing a good and marketable title to said lands. One of the objections and exceptions of appellant to the last decree, attempting to cure the record defects in the title, was that it was not impervious to attack upon proper showing until three years after its rendition. The court overruled this and other objections and exceptions to the title, holding that the amendment to the abstract, incorporating the decree quieting title to the lands, rendered the title good and marketable under the terms of the contract for sale and the decree for specific performance, and rendered a decree accordingly, from which is this appeal.

The first question to be determined on this appeal is whether the decree quieting the title, of date April 19, 1921, converted the defective record title into a good record title. The purpose of the decree, of course, was to cure all defects in the chain of title, but the decree itself, under the statute, was not impervious to attack for three years. Crawford & Moses' Digest, § 8370. Until the decree itself became effective by limitation, it could not have had the effect of perfecting the record title. In the case of *Shelton* v. *Ratterree,* 121 Ark. 482, this court refused to give effect to a decree quieting a title during

the priod that it was not impervious to attack. The decree quieting the title in the instant case did not, therefore, convert the title tendered into a good or merchantable record title.

The next question for determination is the character of title required under the contract. The rule of this court until recently was that a merchantable or marketable title must be a clear record title, and that a title by limitation sufficient to bar the rights of any adverse claimant would not meet the requirements of a contract for a merchantable or marketable title. *Mays* v. *Blair,* 120 Ark. 69; *Shelton* v. *Ratterree, supra.* This court, however, recently changed the rule announced in *Mays* v. *Blair, supra,* and confirmed in *Shelton* v. *Ratterree, supra,* so as to embrace within the definition of "marketable," "merchantable" and "good and indefeasible title" a title by limitation if clearly proved and free from doubt. For example, such a title as can be held without reasonable apprehension of being assailed and that can be readily transferred in the market. *Hinton* v. *Martin,* 151 Ark. 343. So a vendee contracting for a "marketable," "merchantable," or a "good and indefeasible" title will be required to accept a title by limitation as defined above, and cannot, in that event, insist upon a clear record title. In the last-cited case the court recognized the right of one to contract for a record title and demand it. The contract in the instant case as evidenced by the decree for specific performance, from which neither party appealed, was for an "abstract * * * * showing a good merchantable title."

In the case of *Hinton* v. *Martin, supra,* this court quoted with approval the language used by the Supreme Court of Missouri in the case of *Danzer* v. *Moerschel,* 214 S. W. 849, in construing a contract similar to the one in the instant case, as follows: "The great weight of authority supports the rule that an abstract is an epitome of the record evidence of title; that a contract calling 'for an abstract showing good title' calls for record evi-

dence; that nothing will 'satisfy the condition no matter what the vendor's real title might be;' that 'it is not sufficient that the title is good in fact—that is, capable of being made good by the production of affidavits or other oral testimony; it must be good of record; that in such case title by adverse possession will not suffice." Applying this rule to the instant case, the contract called for a record marketable title, and not a marketable title by limitation. The court therefore erred in holding that the abstract tendered met the requirements of the contract.

Appellant suggests that, in the event of the reversal of the decree particular instructions should be given concerning the restoration of the *status quo* of the parties. We see no necessity for doing this. The chancellor did not pass upon this feature of the case, and the evidence is not sufficiently developed in order to restore the parties to their original positions.

The decree is therefore reversed, and the cause remanded under the general direction to restore the *status quo* of the parties.