LANDERS *v.* PEOPLE's BUILDING & LOAN ASSOCIATION.

4-3852

Opinion delivered May 6, 1935.

*Jo M. Walker,* for appellant.
*W. G. Dinning,* for appellee.

MEHAFFY, J. This suit was brought by the appellee, People's Building & Loan Association of Helena, against Myrtie T. Landers, for specific performance of a contract for the purchase of certain real estate situated in Helena, Arkansas.

The Building & Loan Association and Myrtie Landers had entered into a contract in which the appellant agreed to purchase certain lands from the appellee for the sum of $7,500 in the paid-up stock of the association. The Building & Loan Association, for the purpose of complying with the requirements of appellant, bought some land in addition to what it already owned. A deed of conveyance and abstract of title was tendered by the appellee to appellant. Appellant objected to the title, as disclosed by the abstract, on the ground that the Building & Loan Association did not tender her a merchantable title, and refused for that reason to perform her agreement.

The case was tried in the Phillips Chancery Court on an agreed statement of facts. It was agreed that John P. Moore, the father of Willie Millette, deeded to his daughter the real estate described in the complaint. The deed read in part as follows:

"Know all men: That I, John P. Moore, of Helena of the county of Phillips, State of Arkansas, for and in consideration of my love and affection for my daughter Willie Millette, and her children, Leola Millette and Meridith Millette, and the sum of five dollars to me paid by my said daughter, Willie Millette, of Helena of the county of Phillips, State of Arkansas, the receipt whereof is hereby acknowledged, have given, bargained and sold and do hereby give, grant, bargain, sell and

1074

convey unto the said Willie Millette and the heirs of her body now born, and that may be born unto her the following described real estate, viz:''

A description of the land follows, after which the deed continued: ''The above property both Helena lots and land, I hereby give, convey and deliver to my said daughter during her life and her children Leola Wooten Millette and Meridith Millette now born, and to others that may be born unto her, share and share alike, equally and undivided after the death of my said daughter, in fee simple forever, and no rents, issues or uses of said property shall be divested from the maintenance and use of my daughter and her children, together with the privileges and appurtenances to the same belonging.''

It was also agreed: ''That the said Bonnie Millette Crockett, Leola Jordan and Fred Millette, were at the time of the execution of two said deeds, the only children born to Willie Millette, and that they are all now living and are the only children born to the said Willie Millette, except Meridith Millette, who died prior to April 1, 1919, without issue, that said Bonnie Millette Crockett is now Bonnie Ferguson; that she has a child now living, who is a minor.

''That the said Willie Millette Hagmeyer, also known as Willie Millette, is now, and has been for many years past the age when she could give birth to a child, it is further stipulated that she is now living and in apparent good health.''

We deem it unnecessary to copy any more of the agreed statement of facts because there is but one question argued by appellant. Appellant insists that the case of *Horsley* v. *Hilburn*, 44 Ark. 458, is decisive of this case. The court in that case said: ''The first and most material question which arises is this: What interest did Mrs. Marietta Hilburn take by her father's deed, and if not a fee simple, then what were the rights of the heirs of her body to any remainder? Did it vest in any of them, and which, and when?''

The court also in that case said: ''In cases where, by common law, any person may hereafter become seized in fee tail of any lands or tenements, by virtue of any

devise, gift, grant or other conveyance, such person, instead of being or becoming seized thereof in fee tail, shall be adjudged to be and become seized thereof for his natural life only, and the remainder shall pass in fee simple absolute to the person to whom the estate tail would first pass according to the course of the common law by virtue of such devise.''

In the instant case the deed was made to Willie Millette and her children. It expressly gave her a life estate. The children named in the deed took a vested remainder, that is, the living children. Where a conveyance is made to persons that are living and to others thereafter born, the persons living take a vested interest.

''It is the general rule that, where the remainder is to all persons of a specified class, and not merely to specified persons of a class, they take a vested interest. If there is no member of the class in being at the time when the limitation takes effect, i. e., at the time of the grant or the death of the testator, the remainder is, of course, contingent until some member of the class comes into being before the termination of the particular estate, when it becomes vested. When there is a member of the class in being at the time of the limitation taking effect, and when a member of the class thereafter and before the termination of the particular estate comes into being, the remainder vests at once, and will open to let in after-born members of the class if any such appear before the termination of the particular estate.'' 23 R. C. L. 533.

''A vested remainder is a present interest which passes to a party to be enjoyed in the future, so that the estate is invariably fixed in a determinate person after a particular estate terminates. It is an estate to take effect after another estate for years, for life, or in tail, which is so limited that if that particular estate were to expire or end in any way at the present time, some certain person who was in esse and answered the description of the remainderman during the continuance of the particular estate would thereupon become entitled to the immediate possession, irrespective of the concurrence of any collateral contingency. * * * A vested remainder exists where real estate is granted or devised to one for

life with remainder to another at the death of the life tenant." 3 Thompson on Real Property, p. 193.

The children of Willie Millette living at the time the conveyances were made took a vested interest, which would open up and let in other children that were born thereafter. The record does not show how old these children were, but the deed was made many years ago, and the parties have agreed that Willie Millette is past the age when she could give birth to a child.

While persons could not bind others that might be born after the agreement, and before the termination of the life estate, yet the appellant could and did bind herself. She doubtless knew when she signed the agreement, facts which made it impossible for other children to be born. As these children had a vested interest, they, together with Willie Millette, who holds a life estate, could convey the property.

"Vested remainders, even at common law, may be conveyed by deed. Also a deed of trust will pass a vested remainder. Though subject to be divested by the exercise of a power of appointment, a vested remainder is an alienable interest. Upon the death of a testator who has devised a life estate to one, with limitation over to another in fee, the deed in which both the life tenant and remainderman join will pass the entire estate in fee to the grantee." 3 Thompson on Real Property, p. 220.

The appellant, however, does not contend that the deed is defective because there may be other children born, but her contention is that Bonnie Ferguson has a minor child that might, if Bonnie Ferguson, her mother, died, be entitled to inherit, and this, it is claimed, make the title doubtful. There is no merit, we think, in this contention because, as we have already said, the children of Willie Millette took a vested interest, and that means that they are the owners of the property in fee, and entitled to the possession as soon as the life estate ends. In other words, they are the owners of the property now, and nothing is deferred or postponed but the right to possession, and this right will accrue on the death of Willie Millette.

This court has held that a title is marketable although acquired by adverse possession. "A title, to be valid, need not necessarily be deducible of record, for a prescriptive title may, under proper conditions, be as strong as a title by grant, yet such titles, unless there has been a continuous holding for at least twenty years, are always liable to defeat from undisclosed defects, and even after the expiration of such period they may still be open to attack through claims by minor heirs, or persons under disability. * * *

A title by adverse possession may be so clear and free from doubt as to be a 'marketable' title, and may therefore be the basis of a suit for specific performance of a contract to convey land." *Hinton* v. *Martin,* 151 Ark. 343, 236 S. W. 267; *Dalton* v. *Lybarger,* 152 Ark. 192, 237 S. W. 694.

There seems to be no defect in the title involved here, and the decree of the chancery court is affirmed.

JOHNSON, C. J., concurs in result; BAKER, J., dissents.