SEWELL *v.* THRAILKILL.

4-7754                         190 S. W. 2d 521

Opinion delivered November 26, 1945.

**394**

*McKay & McKay*, for appellant.

*Wade Kitchens*, for appellee.

SMITH, J. This cause was submitted and tried upon an agreed statement of facts containing the recitals herein set forth.

On March 16, 1914, S. D. Thrailkill and his wife executed and delivered to their son, S. L. Thrailkill, a deed to certain lands in Columbia county. This deed recites that: "for and in consideration of one dollar and the love and affection which we bear to our son, Sterling L. Thrailkill, do hereby give and convey unto our said son, and his children, the natural offspring of his body, all the right, title, and interest, with the possession, of the following described land," the description of which followed. This deed contains the recital, "For construction of this deed see *Dempsey* v. *Davis*, 98 Ark. 570."

The case of *Dempsey* v. *Davis, supra,* construed a deed from a father and mother to their daughter, the granting clause of which recited that, "for and in consideration of the love and affection that we have to our daughter, Selestia Ann Jinett Dempsey, wife of John Dempsey, we do hereby give and bequeath and convey unto our said daughter and her children, the natural offspring of her body, all the right, title and interest with

the possession of the following property," which was described.

The identical language employed in the two deeds shows that the scrivener who wrote the deed in the instant case was familiar with, and had before him the deed in the Dempsey case, and the granting clause here must be given the same construction given it in the Dempsey case. This would be true even though the deed here had not so directed. A headnote in the Dempsey case reflects the construction of the deed, and reads as follows:

"Same—Fee Tail.—Where a deed conveyed land to the grantee and her children, 'the natural offspring of her body,' the effect thereof at common law was to create an estate tail, but under Kirby's Digest, § 735, a life estate was created in the grantee with fee in the person or persons to whom the estate tail would first pass at common law, to-wit, the heirs of the grantee's body; and if there be none such, the estate would revert to the grantor."

On March 26, 1920, S. L. Thrailkill in a deed in which his wife joined, reconveyed the land to S. D. Thrailkill, his father, "and unto his heirs and assigns forever." This deed recites a consideration of $6,000, paid by the father to his son, but it is stipulated that both the deed from the father to his son, and the reconveyance from the son to the father were made without monetary consideration. It is stipulated that, "Mrs. Sallie T. Thrailkill, wife of S. D. Thrailkill, died after her husband and no administration or division has ever been made of her estate."

On September 9, 1915, a son named Albert, was born to S. L. Thrailkill. This date is prior to the date of the deed from S. L. Thrailkill to his father, S. D. Thrailkill. On January 20, 1922, a daughter, Selmarie, was born to S. L. Thrailkill, which was subsequent to the date of the deed from S. L. to S. D. Thrailkill.

It is stipulated that upon receiving the deed from S. L., his father entered upon and remained in possession of the land until his death. S. D. died testate in 1932 and

by his will ignored the conveyance to his son, and the reconveyance to himself. It is further stipulated that on June 2, 1924, Sterling L. Thrailkill was confined legally as being mentally incompetent, in the State Hospital for Nervous Diseases of Arkansas, and remained in that institution until his death in 1942. S. L. Thrailkill was survived by his son and daughter above named, who brought this suit against the other heirs of S. D. Thrailkill. They alleged their ownership of the land described in the deed from their grandfather, S. D., to their father, S. L., and their right to its possession. The suit brought at law, was transferred to equity, where upon final submission it was decreed that plaintiffs are the owners of the land and entitled to its possession, and a decree was entered conforming to that finding, from which is this appeal.

The controlling question in this case is the one of law, whether the deed from S. D. to S. L. Thrailkill created a contingent or a vested remainder. Opposing counsel have cited and discussed a number of cases which distinguish these estates, but we think the opinion of this court in the case of *Jenkins* v. *Packingtown Realty Co.,* 167 Ark. 602, 268 S. W. 620, is decisive of the question. Chief Justice McCulloch there approved the following statement of the law taken from 2 Washburn, Real Property, § 1551, "Thus, upon the grant of an estate to A, with remainder to his children, he having none at the time, the remainder will, of course, be a contingent one. But the moment he has a child born, the remainder becomes vested as fully as if it had originally been limited to a living child." The Chief Justice further said: "This rule finds support among all the text writers. 3 Thompson on Real Property, pp. 191, 209; Tiedeman, Real Property, § 302." In the section next following the citation to Tiedeman on Real Property, § 303, it is said: "Whatever distinction may exist between a vested and a contingent remainder at their creation, they cease to be distinguishable when the uncertain event which rendered the remainder contingent has happened. After that, the contingent remainder is vested, and has all the characteristics which it would have had, if it had been vested *ab*

*initio."* See, also, *Landers* v. *Peoples Building & Loan Association,* 190 Ark. 1072, 81 S. W. 2d 917.

Here, as appears from the agreed statement of facts, a child was born to S. L. Thrailkill before he reconveyed to his father, and that child was then, and is even now living. The estate in remainder, therefore, vested and opened up to admit the other child of S. L. Thrailkill subsequently born, who is one of the plaintiffs in this action. It is unnecessary to decide what the effect of the conveyance from S. L. Thrailkill to his father would have been, had it been made prior to the birth of any child, and that question is reserved. The decree from which is this appeal accords with the views here expressed, and it is, therefore, affirmed.