ABBOTT *v.* BUTLER.

4-8161                                    201 S. W. 2d 1001

Opinion delivered May 12, 1947.

682

*Harrelson, Harrelson & Cannon,* for appellant.

*E. J. Butler,* for appellee.

SMITH, J. Appellees filed a petition, designated as a complaint, on July 30, 1943, in which they prayed confirmation of their title to a certain eighty-acre tract of land in St. Francis county. They alleged that W. J. Lanier had acquired title to the land under a sale to him for delinquent taxes to the St. Francis Levee District, and that Lanier had conveyed this title to them. They alleged also that they had acquired a title once owned by Edward Starks through deed from the heirs at law of Starks, now deceased, and that one Evans Starks, an heir at law of Edward Starks, who did not join in the deed to them, removed to the state of California about thirty years ago, and that his present whereabouts is unknown.

It was alleged also that the land was sold for the non-payment of the 1920 general taxes to one Charles Lewis, but that neither Lewis nor his heirs had ever had possession of the land, and that the heirs of Lewis were unknown. It was alleged also that the land was sold to the St. Francis County Road Improvement District No. 1, for the non-payment of the 1921 taxes due the road district, but that the district had never had possession of the land, and that any claim of the district or its assigns was barred by the title and possession of petitioners, it being alleged that they had been in possession of the land continuously for eleven years.

It was prayed that the interests, if any, of all the persons named and of all other persons, be canceled and removed as clouds upon their title, and that their title be quieted and confirmed.

Notice of the filing of this petition was published for six weeks in the time and manner required by § 3 of Act LXXIX of the Acts of 1899, entitled, ''An Act to Provide for the Confirmation of Title to Real Estate,'' which appears as § 10962, *et seq.*, Pope's Digest, in the chapter entitled ''Quieting Title.''

In due course petitioners' title was quieted as prayed and within less than three years from the date of the decree, which had been rendered in compliance with this Act LXXIX, aforesaid, appellant, Ida Starks Abbott, filed a motion to vacate and set it aside, and she prayed that she be permitted to file an answer to the confirmation petition.

A response to this motion was filed objecting to the jurisdiction of the court to hear it for the following reasons: (1) The decree was not subject to the attack except upon the grounds and in the manner provided by §§ 8246, 8248, 8249, Pope's Digest, or by a bill of review, and no facts were alleged to warrant relief in either manner. (2) That the petitioner, Ida Starks Abbott, was constructively served by publication as an unknown heir of her grandfather, Edward Starks, deceased, and her motion had not been filed within the two years limited

by law. (3) That the confirmation decree confirmed a tax title and operated as a complete bar under § 10987, Pope's Digest, and that petitioner does not have the right to vacate the confirmation decree.

The motion to dismiss was sustained, and in the decree so ordering it was recited that the court "has lost control of the parties and the subject-matter . . . ," and from that decree is this appeal.

No testimony was heard although the pleadings and decree in the confirmation proceeding were exhibited, but appellant's motion to vacate the confirmation decree after reciting the manner of its rendition alleges: "That she has a good and meritorious defense to the complaint herein in that she is a granddaughter of Edward Starks, deceased, and is the owner of an undivided interest in the lands described in said complaint, which interest she inherited from her father, Amos Starks, deceased, who was the owner and in possession of said lands at the time of his death; that she is one (1) of the grantors in a certain trust deed or mortgage, executed to the plaintiffs, which trust deed or mortgage is now recorded in Book 116 at page 383 of the records of St. Francis county, Arkansas; that the interest of said lands owned by her at the time of the execution of said trust deed or mortgage has never been conveyed to the plaintiffs herein, and that said trust deed or mortgage has never been foreclosed."

Before considering the issue upon which the case was disposed of in the court below, we consider a preliminary matter not presented below, which is that Mrs. Abbott did not allege a meritorious defense against the confirmation decree.

It must be said that the allegations upon this issue are not as definite and specific as they should have been, but it will be remembered that the motion to dismiss did not raise the issue that a meritorious defense had not been alleged. Had this question been raised, the allegations would no doubt have been more specific. But it was alleged that the decree had been rendered upon constructive service, and that petitioner owned an interest in the

land which she had inherited and that she had given original petitioners a mortgage on this interest, and that those petitioners as mortgagees had entered into possession without foreclosing the mortgage. If this allegation is true, title by adverse possession had not been acquired. It was held in the case of *Swift* v. *Ivery*, 147 Ark. 141, 227 S. W. 600, that a mortgagee in possession, while occupying that position could acquire no title adverse to the mortgagor, and that holding was reaffirmed in the case of *Norris* v. *Scroggins*, 175 Ark. 50, 297 S. W. 1022.

This is not a petition for a bill of review, and relief is not prayed under provisions of §§ 8246, 8248 and 8249 of Pope's Digest. The controlling question is the applicability of § 10966, Pope's Digest, which reads as follows: "Any person may appear within three years and set aside the decree if he shall offer to file a meritorious defense, and every person laboring under the disability of infancy, lunacy, idiocy, married woman under the disability of coverture and those claiming under them may set aside the decree at any time within three years after the removal of such disability."

Appellees say that their petition for confirmation was a proceeding for the confirmation of a tax title and the quieting of title generally in the petitioners, but upon the authority of *Lawyer* v. *Carpenter*, 80 Ark. 411, 97 S. W. 662, we hold that § 10966, Pope's Digest, is the applicable statute which controls here. We think it apparent that the confirmation decree was rendered under the authority of Act LXXIX of 1899, § 7 of which appears as § 10966, Pope's Digest, and this Act and not the general statute must be applied.

It was held in the case just cited that a general law does not apply where there is a specific statute covering a particular subject-matter, irrespective of the date of their passage, and the effect of the confirmation decree must be construed with reference to the act under which it was rendered. The following cases are to the same effect: *Dunn* v. *Ouachita Valley Bank*, 71 Ark. 135, 71 S. W. 265; *Mills* v. *Sanderson*, 68 Ark. 130, 56 S. W. 779;

*Ex-parte Morrison,* 69 Ark. 517, 64 S. W. 270; *Chamber-lain* v. *State,* 50 Ark. 132, 6 S. W. 524; *Saline County* v. *Kinkead,* 84 Ark. 329, 105 S. W. 581.

It was held in the case of *Dalton* v. *Lybarger,* 152 Ark. 192, 237 S. W. 694, to quote a headnote, that, "As a decree confirming a tax title does not become impervious against attack until three years have expired, under Crawford & Moses' Digest, § 8370 (now appearing as § 10966, Pope's Digest), until that period has expired, such a decree does not have the effect of perfecting a record title."

In the case of *Champion* v. *Williams,* 165 Ark. 328, 264 S. W. 972, a confirmation decree rendered under the authority of § 8362, *et seq.,* C. & M. Digest, now appearing as § 10958, *et seq.,* Pope's Digest, taken from Act LXXIX of 1899, was attacked upon the ground that the bond had not been given required by § 6261, C. & M. Digest (8217, Pope's Digest), which prescribes the requirements for rendering judgment against a defendant construc-tively summoned, one of these being the execution of a bond. In holding that the bond was not required in the confirmation proceeding, Chief Justice McCULLOCH said: "Again it is contended that the decree (of confirmation) is void because no bond was given pursuant to the stat-ute, which requires bond in case of judgment against non-resident defendants. Crawford & Moses' Digest, § 6261. The statute just referred to does not apply to confirma-tion decrees, and no bond was required. The statute pre-scribing the procedure for confirmation of title (Craw-ford & Moses' Digest, § 8370) provides that any person interested in the land which is the subject-matter of a decree of confirmation may appear within three years and set aside the decree upon showing a meritorious defense, and that persons under disability of infancy, lunacy, idiocy or coverture may appear and set aside the decree at any time within three years after the removal of such disability. The lawmakers, in framing the statute, manifestly determined that this section gave all the pro-tection that interested parties were entitled to; at least there is no provision in this statute for the giving of a

bond, and we cannot read any such provision into the statute by applying the provisions of the general statute with reference to adversary litigation against non-residents.''

We conclude, therefore, that it was error to have dismissed appellant's motion to vacate the confirmation decree, and the decree from which is this appeal will be reversed, and the cause will be remanded for further proceedings as provided by law.