HOWELL *v.* MCMILLAN.

4-9221                                                    230 S. W. 2d 654

Opinion delivered June 5, 1950.

Rehearing denied July 3, 1950.

*Culbert L. Pearce,* for appellant.

*Gordon Armitage,* for appellee.

ED. F. MCFADDIN, Justice. The litigants are rival claimants to a tract of land in White County which became delinquent for the 1944 State and County taxes, and was purchased by appellant, Howell, at the Collector's sale on November 12, 1945. After the expiration of the two-year period allowed for redemption[1] appellant received a deed from the County Clerk on November 19, 1947.

On December 17, 1947, appellant filed suit in the White Chancery Court, praying that his title be quieted and confirmed and alleging possession under his tax deed, and also that ''Plaintiff has paid the State and

---

[1] See § 84-1201 Ark. Stats. (1947).

County taxes due on said lands for the three years next before publication of notice of the filing of this complaint.'' This suit to quiet title was Case No. 2959 in the White Chancery Court; and we refer to it as ''the confirmation suit.'' The appellees—L. O. McMillan and O. W. Killan, both residents of Texas—were named as the only defendants in the confirmation suit; and service of process on them was attempted by publication of a warning order and report of attorney *ad litem.*[2] Proof of such publication of the warning order became a part of the file in the case, and a decree of confirmation was rendered on February 9, 1948, based on the said publication of warning order and report of attorney *ad litem* as the only service of process in the case.

On March 23, 1949, the present appellees—McMillan and Killan—filed Case No. 3264 in the White Chancery Court, naming the present appellant, Howell, as the defendant, and attacking the confirmation decree in Case No. 2959. The complaint alleged, *inter alia:*

(a) That appellees were the owners of the land;

(b) That the 1944 tax sale was void for several itemized reasons;

(c) That appellees tendered appellant a return of all amounts, etc., paid by him; and

(d) That the confirmation decree in Case No. 2959 was void because, *inter alia,* the warning order published in the said confirmation suit was insufficient publication to give the Court jurisdiction to render the confirmation decree in Case No. 2959.

In his pleadings against the said complaint, appellant admitted that the 1944 tax sale was voidable for several reasons; but claimed (a) that the confirmation decree was valid and rendered beyond attack all the defects in the tax sale, and (b) that the appellees had delayed too long to attack the confirmation decree. The Chancery Court consolidated Case No. 2959 and Case

---

[2] The form of warning order in this case was that as contained in Form No. 5 of the Appendix to Ark. Stats. 1947, Annotated Vol. 3, p. 1100.

No. 3264, and upon a trial, reflecting the facts as above recited, found for appellees, set aside the confirmation decree, and quieted appellees' title subject to payment to appellant of all amounts paid out by him for taxes on the lands involved. From that decree is this appeal.

Learned counsel for appellant says that the confirmation proceedings were under the authority of § 34-1918, *et seq.*, Ark. Stats. (1947), and claims that all jurisdictional requirements were strictly followed by appellant in the confirmation suit. We conclude, however, (a) that at least one essential jurisdictional requirement —i. e., legal publication of notice—was lacking in the confirmation suit; (b) that such defect appears in the confirmation proceedings; and (c) that the confirmation decree was void as rendered without proper publication.

As previously stated, appellant admits that the confirmation suit (i. e., Case No. 2959) was brought under § 34-1918, Ark. Stats. (1947). We agree with that statement; but we find that § 34-1919, Ark. Stats. (1947), prescribes the form, contents, and time required for valid publication of notice in proceedings under § 34-1918,[3]

---

[3] In order to be able to definitely state that § 34-1919 governs the notice required in proceedings brought under § 34-1918, we have made a step by step survey of the legislation leading to these Sections, as contained in the various compilations of our Statutes, as follows:

(a)—Sections 1 and 2 of Chapter 149 of the Revised Statutes of 1838 were carried verbatim into §§ 1 and 2 of Chapter 160 of English's Digest of 1848, except the words "at the City of Little Rock" were changed to read "in this State," since the Digester in 1848 understood that § 6 of Chapter 6 of the Revised Statutes of 1838 authorized such a change.

(b)—Sections 1 and 2 of Chapter 160 of English's Digest of 1848 were carried verbatim into §§ 1 and 2 of Chapter 170 of Gould's Digest of 1858 and then into §§ 786 and 787 of Gantt's Digest of 1874.

(c)—Section 786 of Gantt's Digest was amended by Act 69 of 1881 to substitute the words "the County Clerks or by the State Land Commissioner" in lieu of the words "the Auditor"; and as so amended became § 576 of Mansfield's Digest of 1884. Section 787 of Gantt's Digest was carried verbatim into § 577 of Mansfield's Digest of 1884.

(d)—Section 576 of Mansfield's Digest has remained unchanged and has been carried verbatim into § 661 of Kirby's Digest of 1904, and § 8379 of Crawford & Moses' Digest of 1921 and § 10975 of Pope's Digest of 1937; and is now § 34-1918, Ark. Stats. 1947.

(e)—Section 577 of Mansfield's Digest was amended by § 1 of Act 95 of 1893 and, as so amended, became §§ 662 to 664, inclusive, of Kirby's Digest of 1904. These §§ 662 to 664 of Kirby's Digest were carried verbatim into §§ 8380 to 8382, inclusive, of Crawford & Moses' Digest of 1921 and into §§ 10976 to 10978, inclusive, of Pope's Digest of 1937, and now constitute § 34-1919, Ark. Stats. 1947.

which is *six weeks'* publication of a notice that "shall state the authority under which the sale took place and give a description of the land purchased and the nature of the title by which it is held." The publication on which appellant based the confirmation decree was a *four weeks'* publication of a warning order which recited:

"The defendants, L. O. McMillan and O. W. Killan, are hereby warned to appear in this court within thirty days and answer the complaint of the plaintiff."

It is clear that the publication of the said warning order for four weeks was not the type of publication required by § 34-1919. The decree in the confirmation suit recites that it was based on the publication of the warning order, and the warning order and proof of publication were made a part of the papers in the confirmation proceedings; so, under the authority of *Winn* v. *Campbell,* 94 Ark. 338, 126 S. W. 1059, we conclude that the confirmation decree itself shows the insufficiency of publication required to give the Court jurisdiction to render the confirmation decree under § 34-1918. When a litigant pursues a special statutory proceeding (as the confirmation proceeding pursued by appellant in the case at bar), then the method of service provided in such special statutory proceeding is exclusive. In *Abbott* v. *Butler,* 211 Ark. 681, 201 S. W. 2d 1001, in discussing confirmation proceedings we cited *Lawyer* v. *Carpenter,* 80 Ark. 411, 97 S. W. 662, and said:

"It was held in the case just cited that a general law does not apply where there is a specific statute covering a particular subject matter, irrespective of the date of their passage, and the effect of the confirmation decree must be construed with reference to the act under which it was rendered."

We therefore conclude that there was no legally sufficient publication of the notice as required by § 34-1919 so as to give the Court jurisdiction to render the confirmation decree in Case No. 2959; that the Chancery Court was correct in consolidating that case with Case No. 3264, and in allowing appellees to make defense

to the confirmation proceeding; and that the defense, as made, supports the decree rendered and from which there is this appeal. Other questions presented by the appellant are found to be without merit.

Affirmed.